*Opinion Modified April 16, 1999:*

MCCREADY V HOFFIUS and BAIZ V HOFFIUS, Nos. 108995, 108996. In lieu of granting rehearing that portion of the December 22, 1998, opinion of the Court, *ante*, 131, which holds that the Civil Rights Act does not violate the Free Exercise Clause of the First Amendment of the United States Consti-

tution or Article 1, § 4 of the Michigan Constitution is vacated, and the case is remanded to the Jackson Circuit Court for further consideration of that issue and entry of an appropriate judgment.

KELLY, J. (*dissenting*). I must dissent from the majority's order and the rationale behind the order.

In response to defendants' motion for rehearing, the majority has decided to vacate this Court's previous decision concerning the constitutionality of the Civil Rights Act. As Justice BRICKLEY so aptly stated in another matter:

> [P]rinciples of law deliberately examined and decided by a court of competent jurisdiction become precedent which should not be lightly departed. . . . "Only in the rare case when it is clearly apparent that an error has been made, or changing conditions result in injustice by the application of an outmoded rule, should we deviate from following the established rule." [*People v Jamieson*, 436 Mich 61, 79-80 (1990).]

Our recent decision has hardly had time to become outmoded. As I believe that this Court did not clearly err as regards defendants' constitutional claims, I do not agree with the proposed order vacating it.

I would not remand this case for further proceedings in the lower courts. Defendants have failed to show that a remand is warranted. When we declined to adopt defendants' constitutional arguments concerning the Civil Rights Act, we specifically held that defendants could not prevail on a remand, even assuming the facts were as they allege. They could not meet their burden under the compelling state interest test discussed in *Wisconsin v Yoder*[1] and *Sherbert v Verner*.[2] I fail to see how further fact finding will aid a discussion of this purely legal issue.

The requirements of the Civil Rights Act do not force defendants to violate their sincerely held religious beliefs. Instead, the burden placed on their religious beliefs merely affects their commercial decision to enter the real estate market and impose these beliefs on their potential customers. The distinction has been recognized by the United States Supreme Court. *United States v Lee*, 455 US 252, 261 (1982).

This Court has already thoroughly discussed the constitutionality of the Civil Rights Act as applied in this case. Defendants have raised no newly decided binding precedent in support of their assertion that we erred in our previous holding. Thus, I respectfully dissent from its vacation.

CAVANAGH, J. (*dissenting*). I join Justice KELLY's dissenting statement disagreeing with the decision to grant reconsideration in this case.

I also disagree with the decision to remand this case to the trial court. If a majority of the Court believes that reconsideration should be granted, then I believe that the proper course would be to receive briefs and hear

---

[1] 406 US 205 (1972).

[2] 374 US 398 (1963).

arguments on the defendant's constitutional argument before remanding the case to the trial court. Defendant's motion for reconsideration is based in part on the Ninth Circuit's recent decision in *Thomas v Anchorage Equal Rights Comm*, 165 F3d 692 (CA 9, 1999). In *Thomas*, the court struck down a housing discrimination law similar to the one at issue in this case. In doing so, it relied on dicta from the United States Supreme Court's decision in *Employment Div, Oregon Dep't of Human Resources v Smith*, 494 US 872 (1990). However, there is a clear split in the circuits regarding how courts should follow the dicta contained in the *Smith* decision. See *Kissinger v Ohio State Univ Bd of Trustees*, 5 F3d 177, 180 (CA 6, 1993), *Equal Employment Opportunity Comm v Catholic Univ of America*, 317 US App DC 343; 83 F3d 455 (1996), and *Brown v Hot, Sexy & Safer Productions, Inc*, 68 F3d 525 (CA 1, 1995). If a majority of this Court is persuaded that the rationale in *Thomas* should be followed by Michigan courts, then it should grant reconsideration and explicitly make that determination *before* sending this case back to the trial court. Asking the trial court to sort out the complex jurisprudence surrounding the Free Exercise Clause of the United States Constitution,[1] and the Michigan Constitution's equivalent,[2] without further clarification from this Court only guarantees one thing: a second round of appellate decisions.