597 N.W.2d 837 (1999)
461 Mich. 1201
Marlon COOPER, a minor, by his next friend, Brenda COOPER, Brenda Cooper individually, Martell Morris, by his next friend, Toni Morris, Toni Morris individually, Plaintiffs-Appellees,
v.
Lonnie WADE, Arthur Gulley, and City of Detroit, Defendants and Third-Party Plaintiffs-Appellants,
v.
Patricia Collins, personal representative of the Estate of Damian Collins, Deceased, Third-Party Defendant.
In the Matter of Estate of Courtney Henderson, Deceased.
Debra Robinson, Personal Representative, Plaintiff-Appellant,
v.
City of Detroit, Craig Hailimai, and Michael Cily, Defendants and Third-Party Plaintiffs-Appellees, and
Howard Linden, Personal Representative of the Estate of Marcelle Blakeney, deceased, Third-Party Defendant.
Docket Nos. 107421, 110360, COA Nos. 175952, 176421.
Supreme Court of Michigan.
July 30, 1999.
On order of the Court, on the Court's own motion, these appeals are to be resubmitted for oral argument and decision. The parties are instructed to provide additional briefing addressing the following issues: (1) Whether the Court should overrule Dedes v. Asch, 446 Mich. 99, 521 N.W.2d 488 (1994). (2) Whether the Court should overrule Fiser v. City of Ann Arbor, 417 Mich. 461, 339 N.W.2d 413 (1983) and Rogers v. City of Detroit, 457 Mich. 125, 579 N.W.2d 840 (1997). The parties should address whether the officers' decision to pursue, as opposed to the officers' physical handling of the vehicle during the pursuit of the fleeing vehicle, can be considered negligent use of a motor vehicle. (3) Whether the phrase "resulting from" in M.C.L. § 691.1405; M.S.A. § 3.996(105) should be construed as meaning a direct or immediate connection between the negligent operation of the vehicle and the injury.
The supplemental brief of appellants are to be filed not later than August 30, 1999 and the briefs of appellees not later than September 20, 1999. The Clerk is then directed to place these cases on the next available Session Calendar for oral argument and resubmission.
MICHAEL F. CAVANAGH, J., states:
I must dissent from the majority's order, as well as the rationale and reasoning that have apparently resulted in its creation. The majority has latched on to a case, crafted its own restatement of the issues, and redirected the parties to brief the wisdom of a path that it appears all too clear the majority is intent on taking.
The Court's order, on its own motion, invites the parties to discuss overruling three different cases, spanning sixteen years and various issues, some of which have heretofore not even been present in the underlying actions. The majority now postulates that the parties should address whether the Court should overrule Fiser v. City of Ann Arbor, 417 Mich. 461, 339 *838 N.W.2d 413 (1983). That exact question was the one presented to the Court a scant fourteen months ago in Rogers v. Detroit, 457 Mich. 125, 579 N.W.2d 840 (1998).[1]
That, of course, is no impediment to the majority, as it also directs the parties to discuss overruling Rogers. Stare decisis, of course, is hardly a handcuff enfeebling us from responding to the changes that inevitably occur over time. Such time has, however, heretofore been measurable in years, rather than months.
Finally, the majority will also have the parties revisit Dedes v. Asch, 446 Mich. 99, 521 N.W.2d 488 (1994). Assuming, arguendo, that Justice Taylor's dissent in Rogers has become more attractive with its brief aging, I am at a loss to determine why one who would decide Rogers in such a fashion would be compelled to reach any issue of Dedes. That is not, however, to say that I am unable to imagine how one could do so. I question only the need, not the possibility. This case, which formerly consisted of but a narrow question of duty, is now being reshaped by the majority into one which, if the majority elects to answer its own second question in the affirmative, will, as Justice Boyle correctly noted in Dedes, return the state of our law of governmental immunity to that what amounts to a pre-Placek v. Sterling Heights, 405 Mich. 638, 275 N.W.2d 511 (1979), version of contributory negligence. Dedes at 104, 116, 521 N.W.2d 488.
Within the past term, the Court has indeed addressed the Fiser question, contemplating the very issue the majority addresses in its second question. Indeed, the Court even subjected the parties in Cooper to an abeyance and rescheduling to allow the Court to conclude its work in Rogers before continuing on to the instant question. Furthermore, the Court actually discussed the instant cases in Rogers, noting that in both Cooper and Henderson, the "cases dealt not with proximate causation, but with the issue of duty." Rogers at 142, 579 N.W.2d 840.[2]
It would seem that a majority of the Court has now elected to take two cases that began with questions of duty and refashion them to focus on a variety of other topics where, it seems, the majority has found cause to question our precedent. The nature of this Court is such that we very often find cases being used as vehicles to address particular issues, but this case would seem to represent the first time the Court has elected to construct that vehicle from the ground up.
Painfully little, other than the individual members who comprise this Court, has changed in the past few months. The majority's decision to review wholesale a decision issued just last term, with an obvious view toward resuscitating the recent dissent, is sufficiently hollow that one might wonder why the parties are being forced to relitigate a matter that presently sits before the Court after oral argument and awaiting decision. While one could certainly say that the Court is merely positing questions and seeking answers, where such questions *839 have indeed been addressed and answered within the year, I do not expect that one would believe merely "recontemplating" the issues to be a worthwhile expenditure of the Court's resources.
I, by no means, intend by this criticism to impugn the integrity of any of my colleagues or question the sincerity of their philosophical views. Each member of the Court is, no doubt, attempting to follow their oath to uphold our constitution and their office. Nonetheless, the fact that a majority would feel that the proper exercise of such duties mandates that they revisit every decision of this Court that they might question and have the power to reach (a power which, as the majority's order demonstrates, suffers very little constraint from the facts and issues of a particular case), is a troubling thought. That thought, it would seem, could well lead to academic analysis of this Court's efforts being reduced to little more than a mathematical exercise.
My view of our role involves a necessary measure of judicial restraint. Those who would join me in suggesting that a judicial body functions appropriately by exercising restraint, rather than activism, must likewise join me in wondering just how much restraint we have seen this term, a term that in the last half alone, since January 1, 1999, the date marking the ascendancy of the majority herein, we have seen overruled at least ten prior cases of this Court.[3] Faced as we are now, with a solicitation from the Court to invite the overruling of three more cases, spanning some twenty-three years, I can only leave to others to assess whether the efforts of the majority[4] in this but half of a term amount to a showing of restraint or activism.
While there is an effort at making the current order appear judicious, there is no restraint in it whatsoever. Accordingly, I dissent.
MARILYN J. KELLY, J., joins in the statement of MICHAEL F. CAVANAGH, J.
BRICKLEY, J., dissents.
NOTES
[1] Were one to examine the first page of Rogers, which is currently of so recent vintage as to have only recently moved from our advance sheets to the bound volumes of our reports, the following sentences would be found to open the opinion:

This appeal is a consolidation of two cases. In each, the primary issue is whether the Supreme Court should overrule or modify its decision in Fiser v. City of Ann Arbor, 417 Mich. 461, 339 N.W.2d 413 (1983). [Id. at 128, 579 N.W.2d 840.]
[2] I also note that for the first time that I can recall, the Court allows a related case, Daniels v. Peterson, argued this term, to lapse into the limbo of undecided cases. The parties in that matter are left clueless regarding why no decision is forthcoming and can only rely on MCR 7.312(E), which provides:

Reargument of Undecided Cases. When a calendar case, other than one argued pursuant to special order under MCR 7.301(B), remains undecided at the end of the term in which it was argued, either party may file a supplemental brief. In addition, if either party requests within 14 days after the beginning of the new term, the clerk shall schedule the case for reargument.
[3] I offer only those cases where the majority has moved as a unit, citing first the opinion of the four in the majority, and then the cases to which it lays waste, with [brackets] being used to tally the casualties of this term alone:

McDougall v. Schanz/Sobran v. McKendrick, 461 Mich. 15, 597 N.W.2d 148 (1999), overruling Perin v. Peuler (On Rehearing), 373 Mich. 531, 130 N.W.2d 4 (1964), and those cases that "without any apparent consideration" (in the majority's words) reaffirmed Perin's holding: People v. Mitchell, 402 Mich. 506, 265 N.W.2d 163 (1978), People v. Jackson, 391 Mich. 323, 217 N.W.2d 22 (1974), and Buscaino v. Rhodes, 385 Mich. 474, 189 N.W.2d 202 (1971).[4]
People v. Borchard-Ruhland, 460 Mich. 278, 597 N.W.2d 1 (1999), overruling McNitt v. Citco Drilling Co., 397 Mich. 384, 245 N.W.2d 18 (1976).[5]
People v. Lukity, 460 Mich. 484, 596 N.W.2d 607 (1999), overruling People v. Gearns, 457 Mich. 170, 577 N.W.2d 422 (1998).[6]
People v. Carines, 460 Mich. 750, 597 N.W.2d 130 (1999), overruling People v. Vaughn, 447 Mich. 217, 524 N.W.2d 217 (1994).[7] (People v. Vaughn, of course, was a plurality opinion, and, thus, the majority styled its dispatch of it as an effort "repudiating" Vaughn. It is telling, however, that the majority decision in Carines is inconsistent with not just one, but all four, of the opinions in Vaughn.)
Ritchie-Gamester v. City of Berkley, 461 Mich. 73, 597 N.W.2d 517 (1999), overruling (by implication) Felgner v. Anderson, 375 Mich. 23, 133 N.W.2d 136 (1965), and Williams v. Wood, 260 Mich. 322, 244 N.W. 490 (1932).[9]
McCready v. Hoffius, 459 Mich. 1235, 593 N.W.2d 545 (1999), vacating in part McCready v. Hoffius, 459 Mich. 131, 586 N.W.2d 723 (1998).[10]
[4] On a few of the above occasions, my colleague, Justice Brickley, has joined in the majority opinion cited. Throughout his career, his approach to every case has been one of unwavering objectivity and reason, unconstrained by any predetermined notions. I would not suggest anything else was the case in these matters, nor do I find his decisions in these cases to be at all remarkable.