671 N.W.2d 40 (2003)
COUNTY OF WAYNE, plaintiff-Appellee,
v.
Edward HATHCOCK, Defendant-Appellant.
County of Wayne, Plaintiff-Appellee,
v.
Aaron T. Speck and Donald E. Speck, Defendants-Appellants.
County of Wayne, Plaintiff-Appellee,
v.
Aubins Service, Inc., and David R. York, Trustee of the David R. York Revocable Living Trust, Defendants-Appellants.
County of Wayne, Plaintiff-Appellee,
v.
Jeffrey J. Komisar, Defendant-Appellant.
County of Wayne, Plaintiff-Appellee,
v.
Robert Ward and Lela Ward, Defendants-Appellants, and
Henry Y. Cooley, Defendant.
County of Wayne, Plaintiff-Appellee,
v.
Mrs. James Grizzle and Michelle A. Baldwin, Defendants-Appellants, and
Rami Fakhoury, Defendant.
County of Wayne, Plaintiff-Appellee,
v.
Stephanie A. Komisar, Defendant-Appellant.
County of Wayne, Plaintiff-Appellee,
v.
Thomas L. Goff, Norma Goff, Mark A. Barker, Jr., and Kathleen A. Barker, Defendants-Appellants.
County of Wayne, Plaintiff-Appellee,
v.
Vincent Finazzo, Defendant-Appellant, and
Aubrey L. Gregory and Dulcina Gregory, Defendants.
Nos. 124070-124078, COA Nos. 239438, 239563, 240184, 240187, 240189, 240190 and 240193-240195.
Supreme Court of Michigan.
November 17, 2003.
On order of the Court, the application for leave to appeal the April 24, 2003 judgment of the Court of Appeals is considered, and it is GRANTED. The parties are directed to included among the issues to be briefed (1) whether plaintiff has the authority, pursuant to M.C.L. § 213.23 or otherwise, to take defendants' properties; (2) whether the proposed takings, which are at least partly intended to result in later transfers to private entities, are for a "public purpose," pursuant to Poletown Neighborhood Council v. Detroit, 410 Mich. 616, 304 N.W.2d 455 (1981); and (3) whether the "public purpose" test set forth in Poletown, supra, is consistent with Const. 1963, art. 10, § 2 and, if not, whether this test should be overruled. Further, the parties should discuss whether a decision overruling Poletown, supra, should apply retroactively or prospectively only, taking into consideration the reasoning in Pohutski v. City of Allen Park, 465 Mich. 675, 641 N.W.2d 219 (2002).
Persons or groups interested in the determination of the questions presented in *41 this case may move the Court for permission to file briefs amicus curiae.
MICHAEL F. CAVANAGH, J., states as follows:
I agree that leave should be granted in this matter but would not specify the roadmap to an inevitable destination. While there is no obstacle to this Court's discarding precedent (see my dissenting statement to the resubmission order in Robinson v. City of Detroit, 461 Mich. 1201-1204, 597 N.W.2d 837 [1999]), I would not direct the parties to show cause why yet another precedent should fall.
MARILYN J. KELLY, J., would grant leave to appeal without direction to the parties as to the issues to be addressed.