# Order

Michigan Supreme Court
Lansing, Michigan

September 2, 2009

137667-8

LENAWEE COUNTY BOARD OF ROAD
COMMISSIONERS,
          Plaintiff-Appellant,

v

STATE AUTO PROPERTY & CASUALTY
INSURANCE COMPANY and CITIZENS
INSURANCE COMPANY OF AMERICA,
          Defendants-Appellees,

and

BRISKEY BROTHERS CONSTRUCTION, INC.
and STAN SLUSARSKI TRUCKING &
BACKHOE, INC.,
          Defendants.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 137667-8
COA: 285626; 286158
Lenawee CC: 06-002255-CZ

On order of the Court, the application for leave to appeal the October 2, 2008 orders of the Court of Appeals is considered. We direct the Clerk to schedule oral argument on whether to grant the application or take other peremptory action. MCR 7.302(H)(1). At oral argument, the parties shall be prepared to address whether *Miller v Chapman Contracting*, 477 Mich 102 (2007), was correctly decided. The parties may file supplemental briefs within 42 days of the date of this order, but they should not submit mere restatements of their application papers.

CAVANAGH, J. (*concurring*).

I concur in the order granting oral argument on whether to grant the application for leave to appeal. I write to respond to Justice Young's dissent, in which he questions both my principles and my fidelity to judicial restraint.

Justice Young presumes much. He challenges my commitment to stare decisis when this Court has merely raised the question whether *Miller v Chapman Contracting*,

477 Mich 102 (2007), was correctly decided. It is my practice, however, to review the parties' briefs, hear their arguments, and reflect on the law and merits of a case before making a decision. I have not made up my mind on the vitality of *Miller* or any other issue in this case. Consequently, my commitment to stare decisis is not currently at issue.

More importantly, however, Justice Young misunderstands the import of my statement in *Cooper v Wade*, 461 Mich 1201 (1999). I did not take the time to write a dissenting statement in *Cooper* merely because I disagreed with the Court's reconsidering precedent in that single case. I have never suggested that it is always inappropriate to overrule precedent; I have merely advocated for using a necessary measure of judicial restraint before doing so.[1] My concern in *Cooper* was that it appeared that some members of the Court were not only exhibiting careless disregard for the doctrine of stare decisis, but actually deliberately and methodically setting out to overturn longstanding, well-established precedent.[2] During that term alone, the majority of the *Cooper* Court had already overturned or vacated 10 previous cases, in six different decisions. See *Cooper*, 461 Mich at 1203 n 3. Unlike the order in *Cooper*, the current order is not part of a long string of cases that, when viewed collectively, suggests a pattern of exercising the power to overturn numerous longstanding precedents in a manner that lacks judicial restraint.

I expect that this discussion will continue if, in the future, any majority of this Court votes to reconsider or overrule precedent. If I do vote to overrule a case, at that point I invite Justice Young to, in lieu of presuming that I lack principle, take that opportunity to evaluate the merits of the principles I use to guide my approach to stare decisis and determine whether my vote is consistent with those principles.[3] I hope that

---

[1] As I have stated, I think that "[t]he 'majority of the Court can overrule a precedent for a good reason, a bad reason, or no reason at all.' . . . But precedent should not be lightly discarded. This Court should 'give respect to precedent and not overrule or modify it unless some substantial reason is given for doing so.'" *People v VanderVliet*, 444 Mich 52, 105 (1993) (Cavanagh, J., dissenting, quoting *People v Cetlinski*, 435 Mich 742, 768 [1990], and *Wood v Detroit Edison Co*, 409 Mich 279, 297 [1980]).

[2] Unfortunately, my concerns in *Cooper* turned out to be justified. According to Justice Markman's calculations, just in the period between 2000 and July 2007, counting only decisions from which Chief Justice Kelly dissented, this Court overruled around 60 cases in 40 different decisions. *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 228-247 (2007).

[3] Thirteen years ago I agreed with Justice Levin's recognition that "[t]here is a limit to the amount of error that can plausibly be imputed to prior courts" and that "[i]f that limit should be exceeded, disturbance of prior rulings would be taken as evidence that justifiable reexamination of principle had given way to drives for particular results in the

Justice Young might consider that my views do not lack principle simply because they differ from his own. Until the opportunity to have a meaningful discussion on these issues arises, however, I can only note that I detect a distinct hollowness in the whining, mewling sound that now emanates from those who, until recently, cared little about the composition of majorities and the value of longstanding precedent.

CORRIGAN, J. (*dissenting*).

I respectfully dissent from the order granting oral argument on whether to grant the application for leave to appeal. As Justice Young correctly notes, the appellants have not asked this Court to reconsider *Miller v Chapman Contracting*, 477 Mich 102 (2007). Moreover, the parties have not addressed the issue whether *Miller* was correctly decided. Accordingly, I object to the decision to inject *Miller* into this appeal.

YOUNG, J. (*dissenting*).

I dissent and would deny leave to appeal, because *Miller v Chapman Contracting*, 477 Mich 102 (2007), is applicable, correct, and was decided only 28 months ago. The majority, however, believes it appropriate to alert the parties to "be prepared to address" whether *Miller* was correctly decided, even though the appellants did not ask this Court to reconsider *Miller*. While the majority is within its rights to reconsider *Miller*, doing so is incompatible with the respect for judicial restraint and stare decisis that members of the majority professed for over a decade.

The appellants have not asked this Court to reconsider *Miller*, nor have the parties briefed the issue whether *Miller* was correctly decided. Nevertheless, the majority has injected this issue into the case because it disagrees with how this Court decided *Miller* approximately 28 months ago. Again, the majority has a right to revisit any decision it wishes, but its members have previously argued that doing so was a form of "activism." Justice Cavanagh has decried the practice of "directing parties to address issues not initially raised or briefed by the parties in their application for leave to appeal" as a

short term." *People v Mezy*, 453 Mich 269, 303 (1996) (Levin, J. dissenting, quoting *Planned Parenthood of Southeastern Pennsylvania v Casey*, 505 US 833, 865-866 [1992]). See also *People v Childers*, 459 Mich 216, 225 (1998) (Cavanagh, J. dissenting). In light of my deep respect for the doctrine of stare decisis, I have yet to determine what my response will be if I am confronted with precedent that represents a pattern of disregarding that doctrine in a manner that goes beyond what can be considered a "justifiable reexamination of principle." Perhaps there are some cases where, as stated by the United States Supreme Court "[r]emaining true to an 'intrinsically sounder' doctrine established in prior cases better serves the values of *stare decisis* than would following a more recently decided case inconsistent with the decisions that came before it." *Adarand Constructors, Inc v Pena*, 515 US 200, 231 (1995).

"distinct type[] of activist behavior." *Mack v Detroit*, 467 Mich 186, 224 n 9 (2002) (Cavanagh, J., dissenting).

Ten years ago, Justice Cavanagh, joined by then Justice Kelly, dissented from an order that asked the parties to address whether the Court should exercise its authority to reconsider previously decided cases. *Cooper v Wade*, 461 Mich 1201 (1999). He explained that "the fact that a majority would feel that the proper exercise of its duties mandates that [it] revisit every decision of this Court that [it] might question and have the power to reach . . . is a troubling thought." *Id.* at 1203 (Cavanagh, J., dissenting). Instead, he counseled "a necessary measure of judicial restraint." *Id.*

In his concurring statement, Justice Cavanagh attempts to distinguish the instant case from *Cooper v Wade* by claiming that "the current order is not part of a long string of cases that, when viewed as a collective, suggest a pattern of exercising the power to overturn numerous longstanding precedents in a manner that lacks judicial restraint." But this claim rings hollow when one member of this Court, our Chief Justice, has claimed that she would "undo a great deal of the damage that the Republican court has done." Brian Dickerson, *GOP Justices Gird for Gang of 3 1/2*, Detroit Free Press, January 11, 2009, at 1B. Indeed, this statement, when viewed in light of actions the new philosophical majority has already taken in effectively overturning the established precedent of this Court,[4] suggests that there has been the very "pattern of exercising power to overturn numerous longstanding precedents in a manner that lacks judicial restraint" that Justice Cavanagh decried in the Court's former philosophical majority.

---

[4] Rather than forthrightly overruling decisions, the Court's new majority has increasingly taken to the practice of simply ignoring precedents with which it disagrees. See, e.g., *Vanslembrouck v Halperin*, 483 Mich 965 (2009), where the new majority ignored *Vega v Lakeland Hospitals*, 479 Mich 243, 244 (2007); *Hardacre v Saginaw Vascular Services*, 483 Mich 918 (2009), where it failed to follow *Boodt v Borgess Med Ctr*, 481 Mich 558 (2008); *Sazima v Shepherd Bar & Restaurant*, 483 Mich 924 (2009), where it failed to follow *Chrysler v Blue Arrow Transport Lines*, 295 Mich 606 (1940), and *Camburn v Northwest School Dist*, 459 Mich 471 (1999); *Juarez v Holbrook*, 483 Mich 970 (2009), where it failed to follow *Smith v Khouri*, 481 Mich 519 (2008); *Chambers v Wayne Co Airport Authority*, 483 Mich 1081 (2009), where it failed to follow *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197 (2007); and *Scott v State Farm Automobile Ins Co*, 483 Mich 1032 (2009), where it failed to enforce *Thornton v Allstate Ins Co*, 425 Mich 643 (1986), and *Putkamer v Transamerica Ins Corp of America*, 454 Mich 626 (1997).

Justice Cavanagh also claims that the order in the instant case "has merely raised the question" whether *Miller* was correctly decided. As he well knows, the Court will not be "merely" discussing whether *Miller* was correctly decided; that discussion has a point, and that point can *only* be to reconsider *Miller*.

Because judicial restraint and principle should not depend on whether one is in the majority, I respectfully dissent.[5] However, regarding the merits, I request that the parties address the relevance of textual differences between MCR 2.118(D) and FR Civ P 15(c)(1)(C).

---

[5] Justice Cavanagh incorrectly asserts that I have attacked his principles. I do not attack his principles. Having been on the receiving end of Justice Cavanagh's principles for ten years, I challenge only the consistency with which he applies them.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 2, 2009

Clerk

s0901