# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 4, 2009

138401

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

LANSING SCHOOLS EDUCATION
ASSOCIATION, MEA/NEA, CATHY
STACHWICK, PENNY FILONCZUK,
ELIZABETH NAMIE, and ELLEN WHEELER,
      Plaintiffs-Appellants,

v

LANSING BOARD OF EDUCATION and
LANSING SCHOOL DISTRICT,
      Defendants-Appellees.

SC: 138401
COA: 279895
Ingham CC: 07-000483-AW

_____/

## AMENDMENT TO ORDER

On order of the Court, the order of November 19, 2009 is amended to correct a clerical error by adding, after the text thereof, the following:

YOUNG, J. (*dissenting*).

I dissent from the majority's direction to the parties to reconsider the precedentially binding opinion of *Lee v Macomb Co Bd of Comm'rs*.[1] This order is yet another installment in Chief Justice KELLY's promise to "undo a great deal of the damage that the Republican Court has done."[2]

When this Court decided *Lee*, a majority of *six* justices accepted this Court's adoption of the federal standing test articulated in *Lujan v Defenders of Wildlife*.[3] Indeed,

---

[1] 464 Mich 726 (2001).

[2] Brian Dickerson, *Justices Gird for Gang of 3½*, Detroit Free Press, January 11, 2009, at 1B.

[3] *Lee*, *supra* at 739-740, adopting the standing test from *Lujan v Defenders of Wildlife*, 504 US 555, 560-561 (1992); see also *Lee*, *supra* at 750 (KELLY, J., dissenting) (in which

the *Lee* majority adopted the *Lujan* test to clarify the essential elements of standing based, in part, on Justice CAVANAGH's previous advocacy of *Lujan* as an appropriate guide in this respect.[4] While Justice WEAVER has never disguised her disagreement with the adoption of the *Lujan* test,[5] Justice CAVANAGH[6] and then-Justice KELLY[7] only later disavowed their acceptance of the *Lujan* test. Given this history, the standing analysis employed in *Lee* was a predictable target of the new majority's effort to "undo" the work of the TAYLOR Court.

Although the new majority's pattern of overturning precedent has become predictable, its hypocrisy has yet to become stale. Despite years of purported fidelity to stare decisis,[8] the new majority has zealously set out to dismantle the decisions of the TAYLOR Court with which they disagree. The ax has been quick and unerring, taking out decisions by any means possible: openly or *sub silentio*,[9] through direct appeal or

---

Justice CAVANAGH joined then-Justice KELLY's approval of this Court's adoption of the *Lujan* test, but dissented on the basis of the majority's application of that test to the facts).

[4] *Detroit Fire Fighters Ass'n v Detroit,* 449 Mich 629, 651-652 (1995) (CAVANAGH, J., dissenting in part and concurring in part).

[5] See, e.g., *Lee*, *supra* at 743-745 (WEAVER, J., concurring in part and dissenting in part); *Michigan Citizens for Water Conservation v Nestlé Waters North America Inc*, 479 Mich 280, 310, 312 (2007) (WEAVER, J., dissenting) (describing *Lee* and its progeny as "the majority of four's assault on standing in Michigan"); *Miller v Allstate Ins Co*, 481 Mich 601, 617 (2008) (describing those cases as "the majority of four systematically dismantl[ing] Michigan's law on standing").

[6] *Nat'l Wildlife Federation v Cleveland Cliffs Iron Co*, 471 Mich 608, 675-676 (2004) (CAVANAGH, J., concurring in result).

[7] See, e.g., *Michigan Chiropractic Council v Financial & Ins Services Comm'r*, 475 Mich 363, 382-383 (2006) (KELLY, J., concurring); *Nat'l Wildlife Federation*, *supra* at 680-687 (KELLY, J., concurring).

[8] For examples of the new majority's prior claims of "fidelity to stare decisis," see *Potter v McLeary*, 484 Mich 397, 450-451 n 43 (2009) (YOUNG, J., concurring in part and dissenting in part).

[9] For examples of the new majority's orders that effectively overruled precedent by ignoring applicable law, see *Lenawee Co Bd of Rd Comm'rs v State Auto Prop & Cas Ins Co,* ___ Mich ___, ___ n 4; 770 NW2d 879 (2009) (YOUNG, J., dissenting).

reconsiderations of our prior orders and opinions.[10] As noted in my recent dissent to the order granting leave to appeal in *Hoover v Michigan Mut Ins Co*:[11]

> Chief Justice KELLY was once concerned that "if each successive Court, believing its reading is correct and past readings wrong, rejects precedent, then the law will fluctuate from year to year, rendering our jurisprudence dangerously unstable."

The current order is further evidence that Chief Justice KELLY's "fears for preserving precedent pertained only to precedent with which she [and other members of the new majority] personally agreed."[12] The current direction for the parties to address whether *Lee* was correctly decided evinces the new majority's willingness to reject precedent. It is the new majority's prerogative to do so. However, the new majority's retreat from its previous reverence for precedent should not go unnoticed.

---

[10] A prime example of the new majority using a motion for reconsideration or rehearing as a springboard to overrule precedent, despite the failure to present new issues or demonstrate palpable error as required by court rule, is *United States Fidelity Ins & Guaranty Co v Michigan Catastrophic Claims Ass'n (On Rehearing)*, 484 Mich 1 (2009).

[11] ___ Mich ___; 772 NW2d 338 (2009) (YOUNG, J., dissenting), quoting *Pohutski v City of Allen Park*, 465 Mich 675, 712 (2002) (KELLY, J., dissenting).

[12] *Hoover*, *supra* at __.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 4, 2009



Clerk

p1201