# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 19, 2008

136900

MARC CHAMBERS,
       Plaintiff-Appellee,

v

WAYNE COUNTY AIRPORT AUTHORITY,
       Defendant,
       Cross-Plaintiff-Appellant,
and

KNIGHT FACILITIES MANAGEMENT, INC.,
       Defendant, Cross-Defendant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 136900
COA: 277900
Wayne CC: 05-531729-NO

On December 3, 2008, the Court heard oral argument on the application for leave to appeal the June 5, 2008 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(G)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals, for the reasons stated in the Court of Appeals dissenting opinion, and we REMAND this case to the Wayne circuit court for entry of an order of judgment for the defendant.

CAVANAGH, J. (*dissenting*).

I dissent from the majority's peremptory reversal of the Court of Appeals judgment in this case. I would affirm the Court of Appeals or grant leave to appeal for proper consideration.

The majority's order reverses "for the reasons stated in the Court of Appeals dissenting opinion." But that opinion appears to contain analytical errors. First, the Court of Appeals dissent appears to assume that the statute requires a written notice. Because the statute does not expressly require that the notice must be written, I would not leap to such an assumption. Second, the Court of Appeals dissent assumes that the statute requires that notice be made by formal service of process. Given that the section

of the statute addressing service of process appears discretionary, I would not hastily adopt a contrary conclusion.

Additionally, the Court of Appeals dissent relies on *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197 (2007). But *Rowland* addressed a notice that was given after the statutory period for notice had elapsed. In the present case, plaintiff's verbal notice was given well within the statutory period. Thus, *Rowland* is distinguishable. Because *Rowland* is contrary to the longstanding jurisprudence of this Court on what constitutes sufficient notice under a statute such as MCL 691.1406, I would not extend *Rowland* beyond its facts. See, e.g., *Meredith v City of Melvindale,* 381 Mich 572, 579-580 (1969) (notice from "inexpert layman" should be liberally construed and not to be found insufficient for "some technical defect"); *Brown v City of Owosso,* 126 Mich 91, 95 (1901) (notice is sufficient if it is understandable and brings the important facts to a defendant's attention).

Accordingly, I respectfully dissent.

WEAVER, J. (*dissenting*).

I dissent and would deny leave to appeal because I am not persuaded that the Court of Appeals judgment in this matter should be peremptorily reversed.

KELLY, J. (*dissenting*). I would grant leave to appeal to reconsider *Rowland v Washtenaw Co Rd Comm*.[1]

---

[1] *Rowland v Washtenaw Co Rd Comm,* 477 Mich 197 (2002).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 19, 2008

_Corbin R. Davis_
Clerk