# Order

Michigan Supreme Court
Lansing, Michigan

April 24, 2009

135893

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

MARKELL VANSLEMBROUCK, a Minor,
by her Next Friend KIMBERLY A.
VANSLEMBROUCK, and KIMBERLY
A. VANSLEMBROUCK, Individually,
             Plaintiffs-Appellees,

v

SC: 135893
COA: 273551
Oakland CC: 2006-074585-NH

ANDREW JAY HALPERIN, M.D.,
MICHIGAN INSTITUTE OF GYNECOLOGY
& OBSTETRICS, P.C., and WILLIAM
BEAUMONT HOSPITAL,
             Defendants-Appellants.
_____/

On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we VACATE our order of June 25, 2008. The application for leave to appeal the January 15, 2008 judgment of the Court of Appeals is DENIED, because we are no longer persuaded that the question presented should be reviewed by this Court.

CORRIGAN, J. (*dissenting*).

I would reverse the clearly erroneous decision of the Court of Appeals. In this case alleging medical malpractice, the court incorrectly characterized MCL 600.5851(7) as a statute of limitations. *VanSlembrouck v Halperin,* 277 Mich App 558, 569 (2008). To the contrary, because the Legislature enacted § 5851(7) as an exception to the minority saving provision in § 5851(1)—which is indisputably a saving provision, not a statute of limitations—the statutory scheme clearly conveys that § 5851(7) is not a separate statute of limitations. Further, § 5851(7) does not function as a "statute of limitations" as this phrase is used in legal parlance; "statute of limitations" is a legal term of art describing statutes that set "a time limit for suing . . . based on the date when the

claim accrued . . . ." Black's Law Dictionary (7th ed). Sections 5851(1) and (7) provide additional time based *not* on the date of accrual, but on the age of the child, during which a plaintiff may file suit. As § 5851(7) itself acknowledges, the statutory scheme defines accrual in a distinct statute: MCL 600.5838a. Because § 5851(7) is not a statute of limitations, the time during which plaintiff was required to file suit under § 5851(7) was not tolled during the statutory waiting period that began when she mailed the notice of intent to file suit. See MCL 600.2912b; MCL 600.5856(c); *Waltz v Wyse,* 469 Mich 642, 650 (2004). Accordingly, because plaintiff filed the complaint after the limitations and saving periods expired, her suit was untimely as a matter of law. The suit should be dismissed with prejudice.

The parties agree that § 5851(7) applies to this case because the child plaintiff was allegedly injured at birth. The two relevant subsections of § 5851 provide:

> (1) Except as otherwise provided in subsections (7) and (8), if the person first entitled to make an entry or bring an action under this act is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run. This section does not lessen the time provided for in section 5852.

> * * *

> (7) Except as otherwise provided in subsection (8), *if, at the time a claim alleging medical malpractice accrues to a person under section 5838a the person has not reached his or her eighth birthday, a person shall not bring an action based on the claim unless the action is commenced on or before the person's tenth birthday or within the period of limitations set forth in section 5838a, whichever is later.* If, at the time a claim alleging medical malpractice accrues to a person under section 5838a, the person has reached his or her eighth birthday, he or she is subject to the period of limitations set forth in section 5838a. [Emphasis added.]

Plaintiff, through her mother and next friend, alleges that she was injured by defendants' alleged malpractice on the day she was born, December 1, 1995. Plaintiff claims that defendants' negligence during her birth caused her hypoxic-ischemic encephalopathy and cerebral palsy, which were diagnosed shortly after her birth. Accordingly, under § 5838a, the claim accrued on December 1, 1995 "at the time of the act or omission that is the basis for the claim of medical malpractice," § 5838a(1), or perhaps shortly thereafter when plaintiff's diagnoses alerted her mother to the potential claim, § 5838a(2) (the claim accrues when "the plaintiff discovers or should have discovered the existence of the claim"). Because the claim accrued before plaintiff's eighth birthday, § 5851(7)

expressly precluded her from bringing an action "unless the action is commenced on or before [her] tenth birthday or within the period of limitations set forth in section 5838a, whichever is later." It is undisputed that her tenth birthday was the later of the two potentially applicable filing dates.

Plaintiff mailed the presuit notice required by § 2912b for all medical malpractice claims on November 10, 2005, less than a month before her tenth birthday. After a medical malpractice plaintiff mails the notice, he must wait for the relevant statutory notice period—at most 182 days, see § 2912b(1)—to expire before he files the complaint. Here, the earliest plaintiff could have filed suit was 154 days after sending the notice because defendants did not respond to the notice, see § 2912b(8). Therefore, she could not file until after her tenth birthday had passed. But she argued that the time for filing prescribed by § 5851(7) should be tolled during the full 182-day statutory waiting period under § 5856(c), thus permitting her to file several months after her tenth birthday without regard for the prohibition in § 5851(7).

MCL 600.5856(c) provides, in relevant part: "The statutes of limitations or repose are tolled . . . [a]t the time notice is given in compliance with the applicable notice period under section 2912b, if during that period a claim would be barred by the statute of limitations or repose . . . ." The statute expressly permits tolling only for "statutes of limitations or repose." *Waltz, supra* (addressing former § 5856[d], which was re-lettered as subsection c effective April 22, 2004, 2004 PA 87). Section 5856(c) thus does not toll saving provisions, which are not statutes of limitations but "appl[y] to whatever period of limitation is or may be applicable in a given case." *Miller v Mercy Memorial Hosp,* 466 Mich 196, 202 (2002). Contrary to the Court of Appeals conclusion, § 5851(7) is not a statute of limitations or repose; rather, it is a saving provision and, therefore, the outer limit it prescribes for filing suit is not tolled during the statutory waiting period under § 5856(c).

First, as is evident from the language of § 5851 quoted above, § 5851(7) is an exception to § 5851(1), which applies "[e]xcept as otherwise provided in subsections (7) and (8)." Section 5851(1), in turn, is a saving provision that may apply "although the period of limitations has run." MCL 600.5851(1); *Vega v Lakeland Hosps,* 479 Mich 243, 245 (2007); compare *Waltz, supra* at 651 (MCL 600.5852, the wrongful death saving provision, is not a statute of limitations because it applies "although the period of limitations has run."). Accordingly, § 5851(7) functions as an alternative saving provision triggered when the facts of the case qualify for exception to the general rule of § 5851(1). See *Vega, supra* at 250-251 (concurring opinion by Cavanagh, J.) (Sections 5851[1] and [7] are both applicable to medical malpractice actions; § 5851[7] is controlling when the facts render it inconsistent with § 5851[1].); and compare *Miller, supra* at 202 (applying similar reasoning in the context of statutory limitations periods and holding, given the structure of MCL 600.5838a(2): "As an alternative to the other periods of limitation, [the six-month discovery period] is itself a period of limitation.").

Nothing in the language or structure of § 5851 indicates that § 5851(7), as an exception to a saving provision, constitutes a distinct statute of limitations rather than an alternative saving provision. Indeed, the Legislature clearly enacted § 5851(7) to shorten the period during which minors can bring medical malpractice causes of action given that under § 5851(1) an infant would have until he was 19 years old to file an action, but under § 5851(7) that infant only has until he is 10 years old to file the action. Plaintiff's argument—that although the notice of intent tolling provision of § 5856(c) does not apply to § 5851(1), it does apply to § 5851(7)—is completely inconsistent with the legislative purpose of § 5851(7)—to shorten, not lengthen, the period during which medical malpractice minors have to bring their causes of action.

In holding otherwise, the Court of Appeals quotes *Miller, supra* at 202, which referred to a statute of limitations as "a statutory provision that requires a person who has a cause of action to bring suit within a specified time." *VanSlembrouck, supra* at 569. But this statement from the *Miller* Court is clearly over-generalized; if taken to its logical extreme, it would obliterate the distinction between statutes of limitations and saving provisions, which both arguably "require[] a person who has a cause of action to bring suit within a specified time." Yet this Court has long acknowledged the distinction; indeed, *Miller* itself acknowledges it. *Miller, supra* at 202 (distinguishing the saving provision in MCL 600.5852 from the statutes of limitations in MCL 600.5838a); and see *Howard v Gen Motors Corp*, 427 Mich 358, 384 (1986) (lead opinion by Brickley, J,. quoting 53 CJS, Limitations of Actions, § 1, p 900.) ("'A statute of limitations is an act limiting the time within which an action shall be brought. However, not every statute prescribing a limit of time within which an act may be performed or action taken is necessarily a statute of limitations as that term is ordinarily used.'"). Thus, a more specific definition of "statute of limitations" is necessary.

The Revised Judicature Act, MCL 600.101 *et seq.*, does not define "statute of limitations" or "saving provision." This Court has defined saving provisions, in direct contrast to statutes of limitations, as "exception[s] to the statute of limitations" that operate "to suspend the running of the statute," *Lindsey v Harper Hosp,* 455 Mich 56, 61, 65 (1997), and that may "*save*" a claim "during the *grace period* provided for in the saving provision," *Waltz, supra* at 650 n 12 (emphasis in original). But definitions for "statute of limitations" beyond generalized statements like those in *Miller* are less forthcoming. It is helpful to consult MCL 8.3a, which addresses construction of Michigan statutes and provides: "All words and phrases shall be construed and understood according to the common and approved usage of the language; but technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning." In accord with MCL 8.3a, it is appropriate to consult a legal dictionary to construe a legal term of art. *Brackett v Focus Hope*, 482 Mich 269, 276 (2008). Black's Law Dictionary (7th ed) defines "statute of limitations" in the civil context as follows: "A statute establishing a time limit for suing in a civil case, based on the date when the

claim accrued (as when the injury occurred or was discovered)." (Also according to Black's [7th ed], a statute of repose is one "that bars a suit a fixed number of years after the defendant acts in some way (as by designing or manufacturing a product), even if this period ends before the plaintiff has suffered an injury.")

The definitions from Black's comport with Michigan's statutory scheme. MCL 600.5827 provides: "Except as otherwise expressly provided, *the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in sections [MCL 600.5829 to 600.5838]*, and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." (Emphasis added.) MCL 600.5838a(1) states that a medical malpractice claim generally "accrues *at the time of the act or omission* that is the basis for the claim of medical malpractice." (Emphasis added.) Section 5838a(2) then "provides two distinct periods of limitation: two years after the accrual of the cause of action, and six months after the existence of the claim *was or should have been discovered* by the medical malpractice claimant." *Miller, supra* at 202 (emphasis added). Thus, § 5838a establishes statutes of limitations for medical malpractice suits consistent with the Black's definition of such statutes as those "establishing a time limit for suing in a civil case, based on the date . . . when *the injury occurred* or *was discovered* . . . ." (Emphasis added.)

MCL 600.5838a(2) further specifies: "an action involving a claim based on medical malpractice may be commenced at any time within the applicable period prescribed in [MCL 600.5805] or [MCL 600.5851 to 600.5856]." Section 5805 generally establishes the limitations periods for civil actions; § 5805(6) establishes the two-year period for malpractice actions that generally begins to run "at the time of the act or omission that is the basis for the claim of medical malpractice," § 5838a(1). The remaining sections, 5851 to 5856, provide alternative times for the commencement of a suit under specific circumstances. Significantly, none of these sections describes distinct, alternative statutes of limitations measured from the date when the claim accrued. Rather, each rule appears to do one of two things: it either establishes a saving period that permits a plaintiff to bring his claim *although the limitations period has run,* or it delays the running of the established limitations period by measuring that period not from the date of accrual, but from some point after accrual, under specified unusual circumstances.

To illustrate, the statute at issue in this case, MCL 600.5851, defines disabilities of infancy, insanity, and imprisonment. Section § 5851(1), discussed above, is a saving provision because it applies "although the period of limitations has run." Indeed, § 5851(5) explicitly refers to the one-year saving provision for infants and the insane as a "year of grace." Further, the alternative saving provision applicable to this case, § 5851(7), expressly distinguishes its alternative deadline for filing suit from the limitations periods listed in § 5838a; § 5851(7) requires the action to be "commenced on

or before the person's tenth birthday *or within the period of limitations* set forth in section 5838a, *whichever is later*." (Emphasis added.) Thus, § 5851(7) does not shift the limitations period itself forward in time, to begin running at some later date; it establishes an alternative deadline for filing suit that it expressly distinguishes from the statute of limitations. Other saving provisions listed in sections 5851 to 5856 include the wrongful death saving provision discussed above, § 5852 (additional time to commence suit after a person's death "although the period of limitations has run"), and the additional time allotted when a defendant fraudulently conceals the existence of a claim, § 5855 ("[T]he action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, *although the action would otherwise be barred by the period of limitations*.").

In contrast, the remaining sections delay the running of the statutory limitations period. MCL 600.5853 provides that, under some circumstances, "[i]f any person is outside of this state at the time any claim accrues against him *the period of limitation shall only begin to run* when he enters this state." (Emphasis added.) Section 5854 provides that, if a person is "unable to use the courts of this state" for reasons arising out of a war with the United States, "*the time of the continuance of the war shall not be counted as a part of the period limited* for the commencement of any action." (Emphasis added.) (The final section referred to by § 5838a[2] is § 5856, the tolling statute, which applies only to statutes of limitations and repose as explained above.)

Thus, the Legislature clearly distinguishes savings provisions through its use of language and the structure of the statutory scheme. Consistent with the definition from Black's Law Dictionary, MCL 600.5838a provides the statutes of limitations applicable to medical malpractice cases on the basis of accrual or discovery. MCL 600.5851(7) does not establish a distinct statute of limitations. Accordingly, the notice tolling statute, MCL 600.5856(c), does not toll the grace period provided in § 5851(7). Therefore, the complaint in this case was untimely because it was filed after the grace period, which extended the time for commencement only to plaintiff's tenth birthday. The complaint should have been dismissed with prejudice.

YOUNG and MARKMAN, JJ., join the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 24, 2009

*Corbin R. Davis*
Clerk