# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 31, 2009

136905(43)

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

UNIVERSITY OF MICHIGAN REGENTS and
UNIVERSITY OF MICHIGAN HEALTH
SYSTEM,
        Plaintiffs-Appellants,

v

TITAN INSURANCE COMPANY,
        Defendant-Appellee.

SC: 136905
COA: 276710
Washtenaw CC: 06-000034-CK

_____/

On order of the Court, the motion for reconsideration of this Court's November 26, 2008 order is considered, and it is GRANTED. We VACATE our order dated November 26, 2008. On reconsideration, the application for leave to appeal the June 5, 2008 judgment of the Court of Appeals is considered, and it is GRANTED. The parties shall include among the issues to be briefed whether *Liptow v State Farm Mutual Automobile Insurance Co*, 272 Mich App 544 (2006), lv den 478 Mich 853 (2007), and *Cameron v ACIA*, 476 Mich 55 (2006), were correctly decided.

WEAVER, J. (*concurring*).

I concur fully in the order granting reconsideration and leave to appeal in this case. I write separately to respond to the dissent's statements regarding the decision to grant reconsideration in this case.

The dissent erroneously asserts that the justices voting to grant reconsideration do so improperly. The dissent cites *Peoples v Evening News Ass'n*, 51 Mich 11, 21 (1883), for the proposition that this Court is precluded from granting rehearing or reconsideration when the composition of the Court has changed, absent any new arguments from the parties in the case. However, contrary to the dissent's assertions, this Court merely stated in *Peoples* that a change in the composition of this Court cannot be the *basis* for granting rehearing or reconsideration.

As such, if the composition of the Court changes, and the composition becomes such that a majority of the Court sees a reason to grant reconsideration, the majority is not precluded from granting reconsideration. If, for instance, four justices on the newly composed Court conclude that the challenged decision was erroneous, those justices can vote to grant reconsideration. The same holds true whether the deciding vote is a new justice who joined the Court after the challenged decision was released or whether the deciding vote comes from a justice who voted for the challenged decision and changed his or her mind after further consideration.

This practice is consistent with MCR 2.119(F)(3), which creates a "palpable error" standard for rehearing and reconsidering cases. It is up to the moving party to show palpable error that would lead to a different disposition in the case. If a majority of the Court is convinced by the moving party, the Court has the discretion to grant rehearing or reconsideration. Furthermore, while MCR 2.119(F)(3) states that a motion for reconsideration generally will not be granted if the motion only presents the same issues decided in the original disposition of the case, MCR 2.119(F)(3) explicitly refrains from "restricting the discretion of the court" to grant reconsideration.

Accordingly, I concur in the order to grant reconsideration and leave to appeal.

YOUNG, J. (*dissenting*).

I dissent from the order granting plaintiffs' motion for reconsideration in this case. Since the 19th century, "this Court has adhered to the principle that a motion for rehearing or reconsideration should be denied *unless* a party has raised an issue of fact or law that was not previously considered but which may affect the outcome."[1] We codified this judicial practice in MCR 2.119(F)(3):

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

In this case, plaintiffs have not raised any new issues that may properly be considered by this Court. Just as in their original application for leave to appeal, plaintiffs contend that MCL 600.5821(4), which exempts the state and its political subdivisions from the effect of statutes of limitations when seeking recovery of certain

---

[1] *United States Fidelity Ins & Guaranty Co v Michigan Catastrophic Claims Ass'n*, 484 Mich ___ (2009) (*USF&G*) (Young, J., dissenting), slip op at 3, citing *Nichols, Shepard & Co v Marsh*, 62 Mich 439, 440 (1886); *Thompson v Jarvis*, 40 Mich 526, 526 (1879).

costs, precludes the application of the no-fault act's one-year-back rule, MCL 500.3145(1). Accordingly, plaintiffs continue to ask this Court to hold that *Cameron v Auto Club Ins Ass'n*[2] was wrongly decided and to overrule *Liptow v State Farm Mut Automobile Ins Co*.[3]

The only new issue raised by plaintiffs in their motion for reconsideration is a policy-based argument regarding the economic effect of the Court's order given the state's current fiscal crisis. However, this Court is neither constitutionally permitted nor institutionally equipped to conduct a cost-benefit analysis of statutes enacted by elected legislators in the democratic political process.[4] Were we to do so, we would cross the line into the legislative sphere in violation of the separation of powers.[5]

The concurring statement of Justice Weaver mischaracterizes the error analysis of MCR 2.119(F)(3). Under this rule, the Court may grant rehearing or reconsideration only when there is "'a palpable error *by which the court and the parties have been misled*.'"[6] Plaintiffs have not raised any new legal arguments in their motion for reconsideration. Rather, plaintiffs focus solely on the economic effect of the statutes, a policy-based argument that cannot amount to palpable error. Plaintiffs have cited nothing more than their disagreement with prior courts' application of the plain language of the relevant statutes, plain language which could not mislead either the parties or this Court.

There *is* one significant change since our November 26, 2008, denial of leave: the composition of this Court. Justice Hathaway unseated former Chief Justice Taylor in the 2008 election and took office on January 1, 2009, thereby shifting the philosophical balance on the Court. There is no palpable error, but there is a new philosophical majority.

Over a century ago, the justices of this Court wisely realized that such a change is not a proper ground for reconsideration.[7] By circumventing this principle, the new philosophical majority has *sub silentio* overruled that long venerated precedent.

---

[2] 476 Mich 55 (2006).

[3] 272 Mich App 544 (2006).

[4] It is a well established principle that "policy decisions are properly left for the people's elected representatives in the Legislature." *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 589 (2005).

[5] *Id.* at 591.

[6] See *USF&G*, *supra* at ___, slip op at 4 n 6 (Young, J., dissenting) (citation omitted).

[7] *Peoples v Evening News Ass'n*, 51 Mich 11 (1883); see also *USF&G*, *supra* at ___, slip op at 4 (Young, J., dissenting).

In the short time since the composition of this Court changed, those in the majority have exhibited a lack of judicial restraint in acting upon prior orders and opinions of this Court with which they disagree. They have taken this tack despite their prior professed beliefs that the composition of the Court should not control its decisions.[8] Indeed, then-Justice Kelly, and Justices Cavanagh and Weaver all dissented from this Court's prior order denying leave to appeal in this case.[9] Thus, this Court's order granting reconsideration is nothing more than the new majority seizing upon this motion to vindicate some of its members' dissents. The "judicial restraint" and principles lauded previously by members of the new majority should not depend on the composition of the Court.

I respectfully dissent.

CORRIGAN, J., joins the statement of YOUNG, J.

---

[8] See, e.g., *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 256 (2007) (Kelly, J., dissenting) ("What has changed in that decade to warrant a complete reversal in this law? There is but one answer, the makeup of the Court. The law has not changed. Only the individuals wearing the robes have changed."); *Paige v Sterling Hts*, 476 Mich 495, 532-533 (2006) (Cavanagh, J., dissenting) ("The only change has been the composition of this Court. And unfortunately, this is the only reasonable answer to the question why a decision from this Court decided just eight years earlier and involving the same issue is now being overruled."). See also *USF&G*, *supra* at ___, slip op at 5 (Young, J., dissenting), for further examples of the new majority's prior inconsistent protestations.

[9] *University of Michigan Regents v Titan Ins Co*, 482 Mich 1074 (2008).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 31, 2009

_____
Clerk

0728