# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 25, 2009

138018 & (58)

RODNEY HOOVER and MAXINE HOOVER,
Conservators of the Estate of MICHAEL
HOOVER, a Developmentally Disabled Person,
             Plaintiffs-Appellants,
v

MICHIGAN MUTUAL INSURANCE
COMPANY, a/k/a AMERISURE,
             Defendant-Appellee.
_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 138018
COA: 278237
Genesee CC: 86-085769-NZ

On order of the Court, the motion for leave to file brief amicus curiae is GRANTED. The application for leave to appeal the December 11, 2008 judgment of the Court of Appeals is considered, and it is GRANTED. The parties shall include among the issues to be briefed whether, or to what extent, the defendant is obligated to pay the plaintiffs personal protection insurance benefits under the no-fault act, MCL 500.3101 *et seq.*, for housing and living expenses, as well as services, associated with the care of the plaintiffs' adult son, Michael Hoover, and whether *Griffith v State Farm Mutual Automobile Ins Co*, 472 Mich 521 (2005), was correctly decided.

KELLY, C.J. (*concurring*).
Justice Young's dissenting statement is short on the civility that, in my opinion, justices of this Court owe one another out of respect for others' sincerely held beliefs and honorable motivations.

It is also inaccurate in several respects. For example, my vote here represents no change in my fidelity to judicial restraint and stare decisis. In the case of *Peterson v Magna Corp*, 484 Mich 300 (2009), issued a mere 60 days ago, I provided a lengthy statement detailing that fidelity. Like my vote in this case, my position in *Peterson* is wholly consistent with my past "clamorings." I urge all who are interested to read *Peterson*.

YOUNG, J. (*dissenting*).
I would deny leave to appeal. I therefore dissent from the order granting leave to appeal in this case and inviting the parties to reconsider whether *Griffith v State Farm*

*Mut Automobile Ins Co*, 472 Mich 521 (2005), was correctly decided.  This case represents the latest installment on Chief Justice Kelly's promise to undo "the damage that the Republican Court has done" during the last decade.  Brian Dickerson, *GOP Justices Gird for Gang of 3 1/2*, Detroit Free Press, January 11, 2009, at 1B.

It is no secret that members of the new majority share a judicial philosophy very different from that of the prior majority of the Taylor Court.  Theirs is a philosophy that allows empathy (or "equity") to trump the words of a statute.  While the majority is within its rights to reconsider *Griffith*, doing so is incompatible with the respect for judicial restraint and stare decisis that members of the new majority stoutly professed for over a decade.  Indeed, the new majority's actions smack of the very "pattern of exercising power to overturn numerous longstanding precedents in a manner that lacks judicial restraint" that Justice Cavanagh once decried in attacking the Taylor Court in *Cooper v Wade*, 461 Mich 1201, 1203 (1999).[1]  Moreover, not only is today's order a hypocritical change in the new majority's purported fidelity to stare decisis, today's order is indicative of the zeal with which the majority is attempting to obliterate this Court's last decade of work.  Chief Justice Kelly was once concerned that "if each successive Court, believing its reading is correct and past readings wrong, rejects precedent, then the law will fluctuate from year to year, rendering our jurisprudence dangerously unstable." *Pohutski v City of Allen Park*, 465 Mich 675, 712 (2002) (Kelly, J., dissenting).[2]  The majority's decision to reconsider a decision handed down just four years ago proves that her fears for preserving precedent pertained only to precedent with which she personally agreed.  I suspect we will hear no more about stare decisis from the new majority.

---

[1] *Lenawee Co Bd of Rd Comm'rs v State Auto Prop & Cas Ins Co*, ___ Mich ___ (2009) (Docket Nos. 137667, 137668, order entered September 2, 2009) (Cavanagh, J., concurring).  Ten years ago, Justice Cavanagh, joined by then Justice Kelly, dissented in *Cooper* from an order that asked the parties to address whether the Court should exercise its authority to reconsider certain previously decided cases.  He explained that "the fact that a majority would feel that the proper exercise of its duties mandates that [it] revisit every decision of this Court that [it] might question and have the power to reach . . . is a troubling thought." *Cooper*, 461 Mich at 1203.  Instead, he counseled "a necessary measure of judicial restraint." *Id.*

[2] The actions of this new majority demonstrate that its previous clamorings about stare decisis were no more than political posturing.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 25, 2009

_____
Clerk

p0922