# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 29, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

138863-66 & (79)(81)(83)
ANGLERS OF THE AuSABLE, INC.,
MAYER FAMILY INVESTMENTS, LLC,
and NANCY A. FORCIER TRUST,
          Plaintiffs-Appellants,

v

DEPARTMENT OF ENVIRONMENTAL
QUALITY, DIRECTOR OF THE
DEPARTMENT OF ENVIRONMENTAL
QUALITY, and MERIT ENERGY COMPANY,
          Defendants-Appellees.
_____/

SC: 138863-138866
COA: 279301, 279306, 280265,
      280266
Otsego CC: 06-011697-CE

      On order of the Court, the motion to expand the record is DENIED. The application for leave to appeal the March 31, 2009 judgment of the Court of Appeals is considered, and it is GRANTED. The parties shall include among the issues to be briefed: (1) whether defendant Merit Energy Company could be conveyed or granted the right to discharge water on land owned by the state; (2) what test should be applied to determine whether and the extent to which Merit may discharge water; (3) whether the plaintiffs have a cause of action under the Michigan Environmental Protection Act, MCL 324.1701(1), against defendant Department of Environmental Quality; and (4) whether *Michigan Citizens v Nestlé Waters*, 479 Mich 280 (2007), and *Preserve the Dunes v DEQ,* 471 Mich 511 (2004), were correctly decided.

      The motions for leave to file brief amicus curiae are GRANTED. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.

      YOUNG, J. (*dissenting*).

      I respectfully dissent from the order granting leave in this case and instead would deny leave to appeal. The order directs the parties to discuss whether *Michigan Citizens v Nestlé Waters*[1] and *Preserve the Dunes v DEQ*[2] were correctly decided. I believe both cases were correctly decided. While it is certainly the prerogative of the Court to do so,

---

[1] 479 Mich 280 (2007).

[2] 471 Mich 508 (2004).

this order is another instance where the majority seems to retreat from its previously stated fidelity to stare decisis.[3]

Since the shift in the Court's philosophical majority in January 2009, the majority has pointedly sought out precedents only recently decided[4] and has failed to give effect to

---

[3] See, e.g., *Pohutski v City of Allen Park*, 465 Mich 675, 712 (2002) (Kelly, J., dissenting) ("[I]f each successive Court, believing its reading is correct and past readings wrong, rejects precedent, then the law will fluctuate from year to year, rendering our jurisprudence dangerously unstable."); *People v Hawkins*, 468 Mich 488, 517-518 (2003) (Cavanagh, J., dissenting) ("We have overruled our precedents when the intervening development of the law has 'removed or weakened the conceptual underpinnings from the prior decision, or where the later law has rendered the decision irreconcilable with competing legal doctrines or policies.' . . . Absent those changes or compelling evidence bearing on Congress' original intent . . . our system demands that we adhere to our prior interpretations of statutes."), quoting *Patterson v McLean Credit Union*, 491 US 164, 173 (1989), and *Neal v United States,* 516 US 284, 295 (1996); *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 278 (2007) (Cavanagh, J., dissenting) ("'Under the doctrine of stare decisis, principles of law deliberately examined and decided by a court of competent jurisdiction become precedent which should not be lightly departed.'"), quoting *People v Jamieson*, 436 Mich 61, 79 (1990); *Brown v Manistee Co Rd Comm*, 452 Mich 354, 365 (1996) ("[A]bsent the rarest circumstances, we should remain faithful to established precedent."); Todd C. Berg, *Hathaway attacks*, Michigan Lawyers Weekly, October 27, 2008 ("'People need to know what the law is,' Hathaway said. 'I believe in stare decisis. Something must be drastically wrong for the court to overrule.'"); *Lawyers' election guide: Judge Diane Marie Hathaway*, Michigan Lawyers Weekly, October 30, 2006, in which Justice Hathaway, then running for a position on the Court of Appeals, was quoted as saying: "[t]oo many appellate decisions are being decided by judicial activists who are overturning precedent."

[4] See, e.g., *University of Michigan Regents v Titan Ins Co*, 484 Mich 852 (2009) (directing the parties to consider whether *Cameron v ACIA*, 476 Mich 55 (2006), was correctly decided); *McCormick v Carrier*, ___ Mich ___ (2009) (Docket No. 136738, order entered August 20, 2009) (granting leave to consider the plaintiff's request to overrule *Kreiner v Fischer*, 471 Mich 109 (2004)); *Lenawee Co Bd of Rd Comm'rs v State Auto Prop & Cas Ins Co*, ___ Mich ___ (2009) (Docket Nos. 137667-8, order entered September 2, 2009) (directing the parties to consider whether *Miller v Chapman Contracting*, 477 Mich 102 (2007), was correctly decided); *Edry v Adelman*, ___ Mich ___ (2009) (Docket No. 138187, order entered September 30, 2009) (directing the parties to consider whether *Wickens v Oakwood Healthcare Sys*, 465 Mich 53 (2001), was correctly decided); *Hoover v Michigan Mut Ins Co*, ___ Mich ___ (2009) (Docket No. 138018, order entered September 25, 2009) (directing the parties to consider whether *Griffith v State Farm Mut Automobile Ins Co,* 472 Mich 521 (2005), was correctly decided); *Lansing Schools Education Ass'n v Lansing Bd of Ed*, ___ Mich ___ (2009) (Docket No. 138401, order entered November 19, 2009) (directing the parties to consider whether *Lee v Macomb Co Bd of Comm'rs*, 464 Mich 726 (2001), was correctly decided).

other recent precedents of this Court.[5]  Today, the Court again orders reconsideration of two cases that were decided just three and six years ago.  Nothing in the law of this State or the rationale of those decisions has changed in this short time.  Accordingly, as I have in other similar orders,[6] I respectfully dissent from this order.

CORRIGAN, J., joins the statement of YOUNG, J.

---

[5] See, e.g., *Hardacre v Saginaw Vascular Services*, 483 Mich 918 (2009), where the majority failed to follow *Boodt v Borgess Med Ctr*, 481 Mich 558 (2008); *Sazima v Shepherd Bar & Restaurant*, 483 Mich 924 (2009), where it failed to follow *Chrysler v Blue Arrow Transport Lines*, 295 Mich 606 (1940), and *Camburn v Northwest School Dist*, 459 Mich 471 (1999); *Vanslembrouck v Halperin*, 483 Mich 965 (2009), where it failed to follow *Vega v Lakeland Hosps*, 479 Mich 243, 244 (2007); *Juarez v Holbrook*, 483 Mich 970 (2009), where it failed to follow *Smith v Khouri*, 481 Mich 519 (2008); *Beasley v Michigan*, 483 Mich 1025 (2009), *Chambers v Wayne Co Airport Auth*, 483 Mich 1081 (2009), and *Ward v Michigan State Univ*, ___ Mich ___ (2009) (Docket No. 138380, order entered October 23, 2009), where it failed to follow *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197 (2007); and *Scott v State Farm Automobile Ins Co*, 483 Mich 1032 (2009), where it failed to follow *Thornton v Allstate Ins Co*, 425 Mich 643 (1986), and *Putkamer v Transamerica Ins Corp of Am*erica, 454 Mich 626 (1997)).

[6] See, e.g., *University of Michigan Regents*, supra, 484 Mich at 853; *Lenawee Co Bd of Rd Comm'rs*, *supra*, ___ Mich at ___; *Hoover*, *supra*, ___ Mich at ___; *Lansing Schools Education Ass'n*, *supra*, ___ Mich at ___.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 29, 2010

_____
Clerk

y0126