# Order

Michigan Supreme Court
Lansing, Michigan

January 29, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

139350 & (50)(53)

CONNIE COLAIANNI,
        Plaintiff-Appellant/
        Cross-Appellee,

v

STUART FRANKEL DEVELOPMENT
CORPORATION, INC., and K-F LAND
COMPANY, LLC IV,
        Defendants-Appellees/
        Cross-Appellants.
_____/

SC: 139350
COA: 282587
Oakland CC: 2003-051245-NO

On order of the Court, the motion for leave to file a brief amicus curiae is GRANTED. The application for leave to appeal the June 18, 2009 judgment of the Court of Appeals and the application for leave to appeal as cross-appellants are considered. The application for leave to appeal is GRANTED. The parties shall address whether *Trentadue v Buckler Automatic Lawn Sprinkler Co*, 479 Mich 378 (2007), was correctly decided. The application for leave to appeal as cross-appellants remains pending.

The Negligence Section of the State Bar of Michigan and the Michigan Defense Trial Counsel, Inc. are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.

YOUNG, J. (*dissenting*).

I respectfully dissent from the order granting leave in this case and instead would deny leave to appeal. The majority has accepted plaintiff's request to consider whether *Trentadue v Buckler Automatic Lawn Sprinkler Co*[1] was correctly decided. I believe that case was correctly decided. While it is certainly the prerogative of the Court to reconsider this case, this order is another instance where the majority seems to retreat from its previously stated fidelity to stare decisis.[2]

---

[1] 479 Mich 378 (2007).

[2] See, e.g., *Pohutski v City of Allen Park*, 465 Mich 675, 712 (2002) (Kelly, J., dissenting) ("[I]f each successive Court, believing its reading is correct and past readings wrong, rejects precedent, then the law will fluctuate from year to year, rendering our

Since the shift in the Court's philosophical majority in January 2009, the majority has pointedly sought out precedents only recently decided[3] and has

jurisprudence dangerously unstable."); *People v Hawkins*, 468 Mich 488, 517-518 (2003) (Cavanagh, J., dissenting) ("We have overruled our precedents when the intervening development of the law has 'removed or weakened the conceptual underpinnings from the prior decision, or where the later law has rendered the decision irreconcilable with competing legal doctrines or policies.' . . . Absent those changes or compelling evidence bearing on Congress' original intent . . . our system demands that we adhere to our prior interpretations of statutes."), quoting *Patterson v McLean Credit Union*, 491 US 164, 173 (1989), and *Neal v United States*, 516 US 284, 295 (1996); *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 278 (2007) (Cavanagh, J., dissenting) ("'Under the doctrine of stare decisis, principles of law deliberately examined and decided by a court of competent jurisdiction become precedent which should not be lightly departed.'"), quoting *People v Jamieson*, 436 Mich 61, 79 (1990); *Brown v Manistee Co Rd Comm*, 452 Mich 354, 365 (1996) ("[A]bsent the rarest circumstances, we should remain faithful to established precedent."); Todd C. Berg, *Hathaway attacks*, Michigan Lawyers Weekly, October 27, 2008 ("'People need to know what the law is,' Hathaway said. 'I believe in stare decisis. Something must be drastically wrong for the court to overrule.'"); *Lawyers' election guide: Judge Diane Marie Hathaway*, Michigan Lawyers Weekly, October 30, 2006, in which Justice Hathaway, then running for a position on the Court of Appeals, was quoted as saying: "[t]oo many appellate decisions are being decided by judicial activists who are overturning precedent."

[3] See, e.g., *University of Michigan Regents v Titan Ins Co*, 484 Mich 852 (2009) (directing the parties to consider whether *Cameron v ACIA*, 476 Mich 55 (2006), was correctly decided); *McCormick v Carrier*, ___ Mich ___ (2009) (Docket No. 136738, order entered August 20, 2009) (granting leave to consider the plaintiff's request to overrule *Kreiner v Fischer*, 471 Mich 109 (2004), was correctly decided); *Lenawee Co Bd of Rd Comm'rs v State Auto Prop & Cas Ins Co*, ___ Mich ___ (2009) (Docket Nos. 137667-8, order entered September 2, 2009) (directing the parties to consider whether *Miller v Chapman Contracting*, 477 Mich 102 (2007), was correctly decided); *Edry v Adelman*, ___ Mich ___ (2009) (Docket No. 138187, order entered September 30, 2009) (directing the parties to consider whether *Wickens v Oakwood Healthcare Sys*, 465 Mich 53 (2001), was correctly decided); *Hoover v Michigan Mut Ins Co*, ___ Mich ___ (2009) (Docket No. 138018, order entered September 25, 2009) (directing the parties to consider whether *Griffith v State Farm Mut Automobile Ins Co*, 472 Mich 521 (2005), was correctly decided); *Lansing Schools Education Ass'n v Lansing Bd of Ed*, ___ Mich ___ (2009) (Docket No. 138401, order entered November 19, 2009) (directing the parties to consider whether *Lee v Macomb Co Bd of Comm'rs*, 464 Mich 726 (2001), was correctly decided); *Anglers of the AuSable v Dep't of Environmental Quality*, ___ Mich ___ (2010) (Docket Nos. 138863-66, order entered January 29, 2010) (directing the parties to consider whether *Michigan Citizens v Nestlé Waters*, 479 Mich 280 (2007), and *Preserve the Dunes v DEQ*, 471 Mich 508 (2004), were correctly decided).

failed to give effect to other recent precedents of this Court.[4]  Today, the Court again orders reconsideration of a case that was decided less than three years ago.  Nothing in the law of this State or the rationale of that decision has changed in this short time. Accordingly, as I have in other similar orders,[5] I respectfully dissent from this order.

CORRIGAN, J., joins the statement of YOUNG, J.

---

[4] See, e.g., *Hardacre v Saginaw Vascular Services*, 483 Mich 918 (2009), where the majority failed to follow *Boodt v Borgess Med Ctr*, 481 Mich 558 (2008); *Sazima v Shepherd Bar & Restaurant*, 483 Mich 924 (2009), where it failed to follow *Chrysler v Blue Arrow Transport Lines*, 295 Mich 606 (1940), and *Camburn v Northwest School Dist*, 459 Mich 471 (1999); *Vanslembrouck v Halperin*, 483 Mich 965 (2009), where it failed to follow *Vega v Lakeland Hosps*, 479 Mich 243, 244 (2007*);  Juarez v Holbrook*, 483 Mich 970 (2009), where it failed to follow *Smith v Khouri*, 481 Mich 519 (2008); *Beasley v Michigan*, 483 Mich 1025 (2009), *Chambers v Wayne Co Airport Auth*, 483 Mich 1081 (2009), and *Ward v Michigan State Univ*, ___ Mich ___ (2009) (Docket No. 138380, order entered October 23, 2009), where it failed to follow *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197 (2007); and *Scott v State Farm Automobile Ins Co*, 483 Mich 1032 (2009), where it failed to follow *Thornton v Allstate Ins Co*, 425 Mich 643 (1986), and *Putkamer v Transamerica Ins Corp of America*, 454 Mich 626 (1997)).

[5] See, e.g., *University of Michigan Regents*, *supra*, 484 Mich at 853; *Lenawee Co Bd of Rd Comm'rs*, *supra*, ___ Mich at ___; *Hoover*, *supra*, ___ Mich at ___; *Lansing Schools Education Ass'n*, *supra*, ___ Mich at ___.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 29, 2010

Clerk