# Order

Michigan Supreme Court
Lansing, Michigan

April 16, 2010

138602 & (20)

CATHERINE WILCOX, individually, and as
Next Friend of ISAAC WILCOX, a minor,
        Plaintiffs-Appellants,

and

SUNRISE HOME HEALTH SERVICES, INC.,
        Intervening Plaintiff,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
        Defendant-Appellee.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 138602
COA: 290515
Kent CC: 08-010129-NF

By order of October 26, 2009, the application for leave to appeal the July 1, 2009 order of the Court of Appeals was held in abeyance pending the decision in *Hoover v Michigan Mutual Ins Co* (Docket No. 138018). On order of the Court, the application for leave to appeal in *Hoover* having been dismissed on January 15, 2010, 485 Mich 1032 (2010), the application is again considered, and it is GRANTED. The parties shall include among the issues to be briefed whether, or to what extent, the defendant is obligated to pay the plaintiffs personal protection insurance benefits under the no-fault act, MCL 500.3101 *et seq.*, for housing expenses, modifications, and accommodations associated with the care of the plaintiffs' son, Isaac Wilcox, and whether *Griffith v State Farm Mutual Automobile Ins Co*, 472 Mich 521 (2005), was correctly decided. The motion for leave to participate as amicus curiae filed by the Coalition Protecting Auto No-Fault is GRANTED. We further ORDER that the stay entered by this Court on October 26, 2009 remains in effect until completion of this appeal.

YOUNG, J. (*dissenting*).

I respectfully dissent from the order in this case and instead would deny leave to appeal. The order directs the parties to discuss whether *Griffith v State Farm Mutual*

*Automobile Ins Co*[1] was correctly decided. I believe it was correctly decided. While it is certainly the prerogative of the Court to reconsider this case, this order is another instance where the majority seems to retreat from its previously stated fidelity to stare decisis.[2]

---

[1] 472 Mich 521 (2005).

[2] See, e.g., *Pohutski v City of Allen Park*, 465 Mich 675, 712 (2002) (KELLY, J., dissenting) ("[I]f each successive Court, believing its reading is correct and past readings wrong, rejects precedent, then the law will fluctuate from year to year, rendering our jurisprudence dangerously unstable."); *People v Hawkins*, 468 Mich 488, 517-518 (2003) (CAVANAGH, J., dissenting) ("We have overruled our precedents when the intervening development of the law has 'removed or weakened the conceptual underpinnings from the prior decision, or where the later law has rendered the decision irreconcilable with competing legal doctrines or policies.' . . . Absent those changes or compelling evidence bearing on Congress' original intent . . . our system demands that we adhere to our prior interpretations of statutes."), quoting *Patterson v McLean Credit Union*, 491 US 164, 173; 109 S Ct 2363; 105 L Ed 2d 132 (1989) and *Neal v United States*, 516 US 284, 295; 116 S Ct 763; 133 L Ed 2d 709 (1996); *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 278 (CAVANAGH, J., dissenting) ("'Under the doctrine of stare decisis, principles of law deliberately examined and decided by a court of competent jurisdiction become precedent which should not be lightly departed.'"), quoting *People v Jamieson*, 436 Mich 61, 79 (1990); *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 622 (2005) (WEAVER, J., dissenting) ("Correction for correction's sake does not make sense. The case has not been made why the Court should not adhere to the doctrine of stare decisis in this case."); Todd C. Berg, *Hathaway attacks*, Michigan Lawyers Weekly, October 27, 2008 ("'People need to know what the law is,' Hathaway said. 'I believe in stare decisis. Something must be drastically wrong for the court to overrule.'"); Lawyers' election guide: Judge Diane Marie Hathaway, Michigan Lawyers Weekly, October 30, 2006, in which Justice HATHAWAY, then running for a position on the Court of Appeals, was quoted as saying: "[t]oo many appellate decisions are being decided by judicial activists who are overturning precedent."

Since the shift in the Court's philosophical majority in January 2009, the majority has pointedly sought out precedents only recently decided[3] and has failed to give effect to other recent precedents of this Court.[4] Today, the Court again orders reconsideration of a case that was decided just five years ago. It should be obvious to all but the most casual observer of the Court that a pattern is being established: the new majority is intent on "revisiting" (overruling) the decisions of the last ten years. Ironically, its consistent signals to the Bar that the jurisprudence of the last decade is in play seems an unnecessary prod to those who would eagerly return to the days when "judicial policy," rather than the language of the statute, ruled.

---

[3] See, e.g., *University of Michigan Regents v Titan Ins Co*, 484 Mich 852 (2009) (directing the parties to consider whether *Cameron v ACIA*, 476 Mich 55 (2006), was correctly decided); *McCormick v Carrier*, 485 Mich 851 (2009) (granting leave to consider the plaintiff's request to overrule *Kreiner v Fischer*, 471 Mich 109 (2004)); *Lenawee Co Bd of Rd Comm'rs v State Auto Prop & Cas Ins Co*, 485 Mich 853 (2009) (directing the parties to consider whether *Miller v Chapman Contracting*, 477 Mich 102 (2007), was correctly decided); *Edry v Adelman*, 485 Mich 901 (2009) (directing the parties to consider whether *Wickens v Oakwood Healthcare Sys*, 465 Mich 53 (2001), was correctly decided); *Hoover v Michigan Mut Ins Co*, 485 Mich 881 (2009) (directing the parties to consider whether *Griffith v State Farm Mut Automobile Ins Co*, 472 Mich 521 (2005), was correctly decided); *Lansing Schools Education Ass'n v Lansing Bd of Ed,* 485 Mich 962 (2009) (directing the parties to consider whether *Lee v Macomb Co Bd of Comm'rs*, 464 Mich 726 (2001), was correctly decided); *Anglers of the AuSable v Dep't of Environmental Quality*, 485 Mich 1063 (2010) (directing the parties to consider whether *Michigan Citizens v Nestlé Waters*, 479 Mich 280 (2007), and *Preserve the Dunes v DEQ*, 471 Mich 511 (2004), were correctly decided); *Colaianni v Stuart Frankel Development Corp*, 485 Mich 1066 (2010) (granting to consider whether *Trentadue v Buckler Automatic Lawn Sprinkler*, 479 Mich 378 (2007), was correctly decided).

[4] See, e.g., *Hardacre v Saginaw Vascular Services*, 483 Mich 918 (2009), where the majority failed to follow *Boodt v Borgess Med Ctr*, 481 Mich 558 (2008); *Sazima v Shepherd Bar & Restaurant*, 483 Mich 924 (2009), where it failed to follow *Chrysler v Blue Arrow Transport Lines*, 295 Mich 606 (1940), and *Camburn v Northwest School Dist*, 459 Mich 471 (1999); *Vanslembrouck v Halperin*, 483 Mich 965 (2009), where it failed to follow *Vega v Lakeland Hosps*, 479 Mich 243, 244 (2007); *Juarez v Holbrook*, 483 Mich 970 (2009), where it failed to follow *Smith v Khouri*, 481 Mich 519 (2008); *Beasley v Michigan*, 483 Mich 1025 (2009), *Chambers v Wayne Co Airport Auth*, 483 Mich 1081 (2009), and *Ward v Michigan State Univ*, 485 Mich 917 (2009), where it failed to follow *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197 (2007); and *Scott v State Farm Automobile Ins Co*, 483 Mich 1032 (2009), where it failed to follow *Thornton v Allstate Ins Co*, 425 Mich 643 (1986), and *Putkamer v Transamerica Ins Corp of America*, 454 Mich 626 (1997).

Other than the change in the composition of this Court in 2009, nothing in the law of this State or the rationale of that decision has changed in this short time. Accordingly, as I have in other similar orders,[5] I respectfully dissent from this order.

CORRIGAN, J., joins the statement of YOUNG, J.

---

[5] See, e.g., *University of Michigan Regents*, *supra*, 484 Mich at 853; *Lenawee Co Bd of Rd Comm'rs*, *supra*, 485 Mich at 855; *Hoover*, *supra*, 485 Mich at 882; *Lansing Schools Education Ass'n*, *supra*, 485 Mich at 963; *Anglers*, *supra*, 485 Mich at 1063; *Colaianni*, *supra*, 485 Mich at 1066.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 16, 2010

Clerk

p0413