# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 21, 2010

139960

KIMBERLY IDALSKI,
          Plaintiff-Appellant,

v

DAVID ALLEN SCHWEDT,
          Defendant,

and

STATE FARM MUTUAL INSURANCE
COMPANY,
          Defendant-Appellee.

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 139960
COA: 287279
Livingston CC: 07-022684-NI

_____/

On order of the Court, the application for leave to appeal the September 29, 2009 judgment of the Court of Appeals is considered. We direct the Clerk to schedule oral argument on whether to grant the application or take other peremptory action. MCR 7.302(H)(1). At oral argument, the parties shall address whether *Rory v Continental Ins Co*, 473 Mich 457 (2005), should be reconsidered. They may file supplemental briefs within 42 days of the date of this order, but they should not submit mere restatements of their application papers.

KELLY, C.J. (*concurring*).

I agree with the order granting oral argument on whether to grant the application or take other peremptory action in this case. I write merely to point out that once again Justice YOUNG inaccurately characterizes recent decisions of this Court as overturning binding precedent and as representing a retreat from the doctrine of stare decisis.[1] In addition, he quotes a statement I made over two years ago and applies it in an altogether

----

[1] See, e.g., *Colaianni v Stuart Frankel Development Corp,* 485 Mich 1070 (2010); See also, *Scott v State Farm Mutual Auto Ins Co,* 483 Mich 1032, 1035 (2009) (KELLY, C.J., *concurring*) (undertaking a case-by-case analysis to refute the dissent's accusation that this Court was ignoring precedent).

different context to incorrectly divine my motivation in voting to enter the order in this case.

YOUNG, J. (*dissenting*).

I respectfully dissent from the order granting oral argument in this case and instead would deny leave to appeal. The order directs the parties to discuss whether *Rory v Continental Ins Co*[2] should be reconsidered. I believe it was correctly decided. While it is certainly the prerogative of the Court to reconsider this case, this order is another instance where the majority seems to retreat from its previously stated fidelity to stare decisis.[3]

---

[2] 473 Mich 457 (2005).

[3] See, e.g., *Pohutski v City of Allen Park*, 465 Mich 675, 712; 641 NW2d 219 (2002) (KELLY, J., dissenting) ("[I]f each successive Court, believing its reading is correct and past readings wrong, rejects precedent, then the law will fluctuate from year to year, rendering our jurisprudence dangerously unstable."); *People v Hawkins*, 468 Mich 488, 517-518; 668 NW2d 602 (2003) (CAVANAGH, J., dissenting) ("We have overruled our precedents when the intervening development of the law has 'removed or weakened the conceptual underpinnings from the prior decision, or where the later law has rendered the decision irreconcilable with competing legal doctrines or policies.' . . . Absent those changes or compelling evidence bearing on Congress' original intent . . . our system demands that we adhere to our prior interpretations of statutes."), quoting *Patterson v McLean Credit Union*, 491 US 164, 173; 109 S Ct 2363; 105 L Ed 2d 132 (1989) and *Neal v United States*, 516 US 284, 295; 116 S Ct 763; 133 L Ed 2d 709 (1996); *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 278; 731 NW2d 41 (2007) (CAVANAGH, J., dissenting) ("'Under the doctrine of stare decisis, principles of law deliberately examined and decided by a court of competent jurisdiction become precedent which should not be lightly departed.'"), quoting *People v Jamieson*, 436 Mich 61, 79; 461 NW2d 884 (1990); *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 622; 702 NW2d 539 (2005) (WEAVER, J., dissenting) ("Correction for correction's sake does not make sense. The case has not been made why the Court should not adhere to the doctrine of stare decisis in this case."); Todd C. Berg, *Hathaway attacks*, Michigan Lawyers Weekly, October 27, 2008 ("'People need to know what the law is,' Hathaway said. 'I believe in stare decisis. Something must be drastically wrong for the court to overrule.'"); *Lawyers' election guide: Judge Diane Marie Hathaway*, Michigan Lawyers Weekly, October 30, 2006, in which Justice HATHAWAY, then running for a position on the Court of Appeals, was quoted as saying: "[t]oo many appellate decisions are being decided by judicial activists who are overturning precedent."

Since the shift in the Court's philosophical majority in January 2009, the majority has pointedly sought out precedents only recently decided[4] and has failed to give effect to other recent precedents of this Court.[5] I can only assume that the majority is making good on our Chief Justice's pledge she made shortly after the 2008 election that caused a shift in the Court's philosophical majority:

---

[4] See, e.g., *University of Michigan Regents v Titan Ins Co*, 484 Mich 852 (2009) (directing the parties to consider whether *Cameron v ACIA*, 476 Mich 55 (2006), was correctly decided); *McCormick v Carrier*, 485 Mich 851 (2009) (granting leave to consider the plaintiff's request to overrule *Kreiner v Fischer*, 471 Mich 109 (2004)); *Lenawee Co Bd of Rd Comm'rs v State Auto Prop & Cas Ins Co*, 485 Mich 853 (2009) (directing the parties to consider whether *Miller v Chapman Contracting*, 477 Mich 102 (2007), was correctly decided); *Edry v Adelman*, 485 Mich 901 (2009) (directing the parties to consider whether *Wickens v Oakwood Healthcare Sys*, 465 Mich 53 (2001), was correctly decided); *Hoover v Michigan Mut Ins Co*, 485 Mich 881 (2009) (directing the parties to consider whether *Griffith v State Farm Mut Automobile Ins Co*, 472 Mich 521 (2005), was correctly decided); *Lansing Schools Education Ass'n v Lansing Bd of Ed*, 485 Mich 962 (2009) (directing the parties to consider whether *Lee v Macomb Co Bd of Comm'rs*, 464 Mich 726 (2001), was correctly decided); *Anglers of the AuSable v Dep't of Environmental Quality*, 485 Mich 1063 (2010) (directing the parties to consider whether Michigan Citizens v Nestlé Waters, 479 Mich 280 (2007), and *Preserve the Dunes v DEQ*, 471 Mich 511 (2004), were correctly decided); *Colaianni v Stuart Frankel Development Corp*, 485 Mich 1066 (2010) (granting to consider whether *Trentadue v Buckler Automatic Lawn Sprinkler*, 479 Mich 378 (2007), was correctly decided).

[5] See, e.g., *Hardacre v Saginaw Vascular Services*, 483 Mich 918 (2009), where the majority failed to follow *Boodt v Borgess Med Ctr*, 481 Mich 558 (2008); *Sazima v Shepherd Bar & Restaurant*, 483 Mich 924 (2009), where it failed to follow *Chrysler v Blue Arrow Transport Lines*, 295 Mich 606 (1940), and *Camburn v Northwest School Dist*, 459 Mich 471 (1999); *Vanslembrouck v Halperin*, 483 Mich 965 (2009), where it failed to follow *Vega v Lakeland Hosps*, 479 Mich 243, 244 (2007); *Juarez v Holbrook*, 483 Mich 970 (2009), where it failed to follow *Smith v Khouri*, 481 Mich 519 (2008); *Beasley v Michigan*, 483 Mich 1025 (2009), *Chambers v Wayne Co Airport Auth*, 483 Mich 1081 (2009), and *Ward v Michigan State Univ*, 485 Mich 917 (2009) (Docket No. 138380, order entered October 23, 2009), where it failed to follow *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197 (2007); *Scott v State Farm Automobile Ins Co*, 483 Mich 1032 (2009), where it failed to follow *Thornton v Allstate Ins Co*, 425 Mich 643 (1986), and *Putkamer v Transamerica Ins Corp of America*, 454 Mich 626 (1997)); and *Esselman v Garden City Hospital*, ___ Mich ___ (2010) (Docket No. 139273, order entered April 23, 2010).

> We the new majority will get the ship off the shoals and back on course, and we will undo a great deal of the damage that the Republican-dominated court has done. Not only will we not neglect our duties, we will not sleep on the bench.[6]

Today, the Court again orders reconsideration of a case that was decided just five years ago. Nothing in the law of this State or the rationale of that decision has changed in this short time. Accordingly, as I have in other similar orders,[7] I respectfully dissent from this order.

CORRIGAN, J., joins the statement of YOUNG, J.

---

[6] *She Said*, Detroit Free Press, December 10, 2008.

[7] See, e.g., *University of Michigan Regents*, *supra*, 484 Mich at 853; *Lenawee Co Bd of Rd Comm'rs*, *supra*, 485 Mich at 855; *Hoover*, *supra*, 485 Mich at 882; *Lansing Schools Education Ass'n*, *supra*, 485 Mich at 963; *Anglers*, *supra*, 485 Mich at 1063; *Colaianni*, *supra*, 485 Mich at 1066.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 21, 2010

p0518

Clerk