KELLY, C.J.
(concurring). I authored the majority opinion in this case and therefore join it in its entirety. I write separately because Justices YOUNG and CORRIGAN continue to misleadingly refer to a statement I made off the bench nearly two years ago that was published by the Detroit Free Press.[1] They seem to believe that this statement provides them insight into my motivation for voting as I have in every subsequent case that has come before the Court. They are manifestly incorrect. To be clear, my remark reflected my desire to “undo . . . the damage” done to the good reputation of this Court as an institution during the former majority’s tenure.[2] My only “agenda” was and is to restore nationwide respect to this Court and to chart a new course of civility.[3] Of course, I do not control Justice Young’s pen. His dis *319 senting opinion demonstrates that my efforts in the area of civility have not yet been as successful as I hoped.
Written opinions serve an important function in the judicial process: they provide a forum in which the majority and dissenting justices debate the legal issues raised in cases. Sometimes that debate focuses on a narrow question. Other times, the debate extends to broader legal questions with wider implications, such as the doctrine of stare decisis, a particularly controversial matter.
It is no secret that the philosophical divisions among the justices on this Court are deep. For some years now, our disagreements on legal questions have erupted in occasionally heated and unpleasant personal recriminations. This case is a perfect example.[4]
I know that, if asked, both Justices YOUNG and CORRIGAN would agree with my sentiments and would deplore these outbursts. Both justices fully understand *320 that personal recriminations reduce the public’s confidence in the objectivity and wisdom of judges and in the Court as an institution.
With these reflections in mind, I urge them to reevaluate the utility of their ad hominem attacks and eliminate them. Surely each has significant confidence in the strength of their legal arguments to allow those arguments to stand on their merits, absent distracting attack props. Moreover, their personal assaults do nothing to resolve the legal issues before us; they do not benefit the parties to a case or the citizens of Michigan whom we serve.
I sincerely regret having to address these matters in the first place and would prefer that this opinion were not necessary. But I cannot stand passively by and allow Justices YOUNG and CORRIGAN to accuse me and the justices in the “new majority” of being unprincipled and driven by inappropriate motives. Their attacks wrongly accuse Justices CAVANAGH, WEAVER, HATHAWAY, and me of reaching predetermined outcomes in many, if not all, cases rather than following the law, as we are sworn to do.
People respect the judiciary only insofar as they believe that judges decide cases impartially and without ulterior motives. Justices YOUNG’S and CORRIGAN’s assertions in this and previous cases that we have an “agenda” that involves selecting and overturning certain precedents is unfair and untrue. Furthermore, it undermines respect both for the justices attacked and for those making the unwarranted accusations. Most importantly, it reduces public confidence in the judiciary as a whole.

 Post at 322-323. Justice Young has cited my statement on numerous occasions, impugning my motives for voting as I did on each occasion. See, e.g., O’Neal v St John Hosp & Med Ctr, 487 Mich 485, 532; 791 NW2d 853 (2010) (Young, J., dissenting); Pollard v Suburban Mobility Auth for Regional Transp, 486 Mich 963, 965 (2010) (Young, J., dissenting); Idalski v Schwedt, 486 Mich 916, 918 (2010) (Young, J., dissenting); People v Feezel, 486 Mich 184, 221 n 13; 783 NW2d 67 (2010) (Young, J., dissenting); Lansing Sch Ed Ass’n v Lansing Bd of Ed, 485 Mich 966 (2009) (Young, J., dissenting); Hoover v Mich Mut Ins Co, 485 Mich 881, 882 (2009) (Young, J., dissenting); Lenawee Co Bd of Rd Comm’rs v State Auto Prop & Cas Ins Co, 485 Mich 853, 856 (2009) (Young, J., dissenting).

 See Liptak, Unfettered Debate Takes Unflattering Turn in Michigan Supreme Court, NY Times, January 19, 2007, available at <http://www.nytimes.com/2007/09/us/19michigan.html?_r=l> (accessed July 28, 2010).

 I do not find it “disquieting” that Justice YOUNG quotes my remark. Rather, I find it disquieting that Justices Young and Corrigan conclude in a legal opinion that the remark was made with a “dreadful,” “disquieting,” and “scurrilous” intent.
In regard to the quoted portion of my statement referring to my pledge to not sleep on the bench, Justice Young does not tell the whole *319 story. The day after I was elected Chief Justice, I was specifically asked if I had been referring to former Chief Justice Taylor in my statement. As the Detroit Free Press explained:
Outside the hearing, Kelly pledged to seek common ground with her colleagues and said her comment about the sleeping on the bench was metaphorical, not meant as an endorsement of the Democratic Party ad attacking Taylor. She said she had not seen him sleeping during the case the ad cited. [Dawson Bell, Statewide-. After 10 Years of the GOP, Dem to Lead High Court, Detroit Free Press, January 9, 2009, p 3B.]
As I indicated then, I will not engage in character assassinations of my current or former colleagues.

 The quotations cited by Justice Young, post at 328 n 12, accurately point out strong language I have used in the past to criticize the former majority’s legal reasoning in various cases. But this is far different from Justice Young’s criticism today, the chief purpose of which is to impugn my motives in reaching legal conclusions, thus attacking my character.