# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 1, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

138602

CATHERINE WILCOX, individually, and as
Next Friend of ISAAC WILCOX, a minor,
Plaintiffs-Appellants,
and

SUNRISE HOME HEALTH SERVICES, INC.,
Intervening Plaintiff,

v

SC: 138602
COA: 290515
Kent CC: 08-010129-NF

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Defendant-Appellee.
_____/

## AMENDMENT TO ORDER

On order of the Court, this Court's November 9, 2010 order is amended, to correct a clerical error, and reads as follows:

On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered, the order of April 16, 2010 which granted leave to appeal is VACATED and leave to appeal is DENIED because we are no longer persuaded the questions presented should be reviewed by this Court.

CAVANAGH, J. (*dissenting*).

I respectfully dissent from this Court's order vacating its prior order and denying leave to appeal. Because I believe that *Hoover v Mich Mut Ins Co*, 281 Mich App 617, 630-631 (2008), erroneously limits a no-fault insurer's liability for an allowable expense to only that portion of the expense that is solely attributable to the accidental bodily injury, I would vacate the Court of Appeals order and remand to the trial court for further proceedings.

In 2004, Isaac Wilcox, then four years old, was left a quadriplegic as the result of an automobile accident. The Wilcox family, who originally lived in an apartment, subsequently purchased a handicap-accessible home to accommodate Isaac's needs.

Plaintiffs filed a first-party no-fault action against defendant, their no-fault automobile insurance carrier at the time of the accident, seeking payment for Isaac's home accommodations. The trial court granted partial summary disposition in favor of defendant based on the Court of Appeals interpretation in *Hoover* of *Griffith v State Farm Mutual Automobile Ins Co*, 472 Mich 521 (2005). This Court granted leave to appeal, asking the parties to address, in part, whether, or to what extent, defendant is required to pay personal protection insurance benefits under the no-fault act, MCL 500.3101 et seq., for housing expenses and accommodations associated with Isaac's care. 486 Mich 870 (2010).

In *Griffith*, a majority of this Court held that the expense of ordinary food provided in a noninstitutional setting to a person injured in a motor vehicle accident was not recoverable under the no-fault act because the plaintiff failed to establish that her husband's ordinary food expenses were causally connected to her husband's injury under MCL 500.3105(1), and that her husband's ordinary, everyday food expenses were for his care, recovery, or rehabilitation under MCL 500.3107(1)(a). *Griffith*, 472 Mich at 524, 530-532, 535-536. The majority reasoned that the plaintiff failed to meet its causal-connection requirement because the plaintiff did not claim that her husband's diet was "different from that of an uninjured person, that his food expenses [were] part of his treatment plan, or that the[] costs [were] related in any way to his injuries." *Id.* at 531. Similarly, the *Griffith* majority reasoned that the food costs were not related to the accident victim's "care, recovery, or rehabilitation," because there was no evidence that the plaintiff's husband required different food than he did before sustaining his injuries. *Id.* at 536.

In *Hoover*, the Court of Appeals examined to what extent housing expenses were recoverable under the no-fault act. In holding that *Griffith* "suggests" that an insurer is not obligated to pay those expenses that ordinarily would have been incurred in the course of a life unmarred by an accident, the *Hoover* panel found "crucially important" a rhetorical question regarding housing needs posed in one passage from *Griffith*, which asked whether a defendant would be obligated to pay an injured person's housing needs once the person is released from institutional care if the housing needs were not affected by that person's injuries. *Hoover*, 281 Mich App at 627. See, also, *Hoover*, 281 Mich App at 630-631 (stating that *Griffith* suggests that a court must allocate the portion of a bill attributable to the injured person's use that is only occurring because of his injuries).

Although I continue to believe that *Griffith* was wrongly decided, see *Griffith*, 472 Mich at 542-554 (Kelly, J., dissenting), even under the *Griffith* majority's erroneous interpretation of the relevant statutory provisions, I believe that the *Hoover* panel erred by hinging its analysis on the majority's rhetorical question rather than considering the majority opinion as a whole. Notably, the *Griffith* majority did not hold that if its requirements were met, only the marginal increase in the cost of an injured person's food would be an allowable expense. In fact, the majority opinion strongly implies otherwise.

3

See *id.* at 535-538, (suggesting that if the plaintiff's husband was required to eat "special diet" food, no-fault benefits would have covered those food costs without any reductions for the plaintiff's pre-injury food needs).[1]  See, also, *id.* at 535 n 12 (stating that the costs of "special shoes" would be an "allowable expense" under MCL 500.3107(1)(a) and not suggesting that only the marginal costs of modifying regular shoes would be recoverable).

Further, *Griffith* did not purport to overrule caselaw from the Court of Appeals and this Court that seemingly rejected the allocation-of-costs approach adopted in *Hoover*. See, e.g., *Davis v Citizens Ins Co of America*, 195 Mich App 323, 326-328 (1992) (holding that the full purchase price of a modified van was an allowable expense); *Sharp v Preferred Risk Mut Ins Co*, 142 Mich App 499, 510-512 (1985) (holding that as long as larger and better equipped housing was required for an injured person than would be required if he were not injured, the full cost is an allowable expense).  Cf. *Miller v State Farm Mut Auto Ins Co*, 410 Mich 538, 567-570 (1981) (rejecting the idea that survivors' loss benefits under MCL 500.3108 should be reduced by a decedent's purely personal expenses because, in addition to the statute's legislative history, reducing survivors' benefits by a decedent's "consumption factor" would be difficult to calculate and would defeat the no-fault act's goals of minimizing factual disputes and expeditious reparation of injuries).

Accordingly, I would hold that the *Hoover* panel erred in interpreting *Griffith* to require an allocation-of-costs analysis.  Further, I would conclude that, even under the majority position in *Griffith*, if a plaintiff establishes that the injured person's housing needs are causally connected to his injuries under the reasoning employed by the *Griffith* majority, see *Griffith*, 472 Mich at 531-532, the trier of fact should generally be permitted to determine, under § 5107(1)(a), to what extent a handicap accessible family home is a reasonably necessary accommodation for the particular injured person's care, recovery, or rehabilitation, and whether the incurred expense was reasonable.  See *Nasser v Auto Club Ins Ass'n*, 435 Mich 33, 55 (1990) (stating that whether expenses are reasonable and reasonably necessary is generally one of fact for the jury).  Because I believe that *Hoover* was wrongly decided, I respectfully dissent from this Court's order vacating its prior order and denying leave to appeal.

KELLY, C.J., and HATHAWAY, J., join the statement of CAVANAGH, J.

---

[1] Indeed, even the *Hoover* panel recognized this as such.  See *Hoover*, 281 Mich App at 627 n 5, 634-635.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 1, 2010

Clerk